STATE, Plaintiff, vs. YELLOW BAGGAGE AND TRANSFER COMPANY and another, Defendants and Appellants, and GENERAL MOTORS TRUCK COMPANY and another, Defendants and Respondents.

*February 9—May 9, 1933.*

392

For the appellant Yellow Baggage & Transfer Company there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

*Eugene L. Haley* of Racine, for the appellant Ahrens.

For the respondents there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker* and *Daniel H. Grady.*

The following opinion was filed March 7, 1933:

FAIRCHILD, J.   The state's cause of action is unembarrassed by any consideration of the liability of one defendant to another arising out of this transaction and because of their contractual relation to each other.   All who in a legal sense participated in causing the damage to the bridge are liable to the state.   This liability to respond in damages arises out of the obligations fixed by sec. 87.07, Stats., upon those using the bridge for transporting loads in excess of fifteen tons.   *Voigt v. Milwaukee County,* 158 Wis. 666, 149 N. W. 392.   This statute sets forth a policy of this state to construct bridges capable of sustaining moving loads of at least fifteen tons weight.   It provides specifically that any person who shall subject any bridge to a greater load shall be liable for damages resulting therefrom.   The exact words are:

"Any person who shall subject any bridge or culvert to a load of over fifteen tons shall be liable for double the amount of damages that may be caused thereby, but such person shall not recover for any injury to himself or to the property in his keeping."

This leaves no room for argument over the creation of a liability absolute in its nature.   In protection of the interests of the state, the various governmental units, and in an

effort to have exerted by some authority some practical control over the movements of heavy loads upon public highways, sec. 85.53, Stats., was enacted. This section requires the securing of permits for those loads of excessive size and weight which are to be moved over the highways. However, the securing of the permit does not relieve the drawer of the load from the liability fixed by sec. 87.07. The liability of any one moving an excessive load with or without special permit is the same, leaving out of consideration the penalties that may attach and that are not material here. Had the permit in this case been formally secured, the officer issuing it might have required as a condition to the issuance thereof the giving of a bond or certified check in a suitable sum to save harmless the unit of government concerned. The issuing of the permit without requiring a bond cannot have the effect of relieving the permitted user from responsibility. The maximum weight that may go over a bridge or culvert without liability is fixed by statute and must remain as fixed until the legislature alters it.

Some confusion as to the consequences following a failure to procure a permit arises because of the emphasis, in the trial in the circuit court, placed upon the failure to have in hand a written permit to cross the bridge with the particular load here involved. Considerable time seems to have been devoted to an effort to show that the respondent Piorier had no knowledge that the highway commissioner of Columbia county had not prepared the permit asked for. The importance of securing a permit for such operations is not to be minimized. The directions and precautions that may be incorporated in a permit may save all interested much trouble and expense, if followed. But for reasons appearing in the facts of this case the failure to have the permit issued in due form is not a controlling factor. Piorier and Ahrens expected delivery of the permit until just before reaching the bridge and both continued under the impres-

sion that a permit had been issued though not delivered. Not receiving the written permit, Ahrens interviewed police officers of the city of Portage and was permitted to pass over certain streets in that city. They were informed by Ahrens that he had applied for a permit. An officer was delegated to accompany the load and led the way to the bridge. There is evidence of some discussion between the officers and Ahrens, some of which was overheard by Piorier, as to whether or not the bridge would carry the load. There is a dispute between the officer and Ahrens as to what was said. The officer does admit using words indicating that in his opinion the bridge was in fine shape, that he knew that to be a fact because he helped around the bridge. Piorier did not hear all of the conversation, did not understand that the strength of the bridge had been questioned, and after reaching the bridge, upon a signal from the officer to go ahead, Piorier drove on without protest or other direction from Ahrens.

The questions arising between the respondents and appellants relate to the right of one to recover over against the other. The propositions must yield to the rules growing out of the relation of principal and agent. It is sufficiently established that the business which required the taking of the excessive load over this bridge was the business of the appellant Yellow Baggage and Transfer Company. This concern organized the expedition and to all who were assisting in the enterprise it stood in the position of principal. While the trial court made no specific findings upon this phase of the case, the only reasonable inference to be drawn from the evidence is that the relationship of employee and employer existed between those who were actually engaged in moving this load and the appellant Yellow Baggage and Transfer Company. It was the Yellow Baggage and Transfer Company who petitioned for the permit, that used the highway for its profit, and it is the one who would naturally have

furnished the certified check or bond had one been required. No failure in performing any of the duties imposed on respondent Piorier exists to give rise to any claim against him in favor of the appellants. Generally where there has been in the conduct of the employee no element of culpability he is under no duty to exonerate the employer. Respondent Piorier is therefore to be excused from liability over to his employer. 2 Williston, Contracts, p. 1930. An employee is entitled to indemnity against liability to a third person arising from the performance of the employment. See Ann. Cas. 1912 D, p. 993; *Saveland v. Green,* 36 Wis. 612.

Is Ahrens within the protection of the rule just stated? He was regularly employed by the Yellow Baggage and Transfer Company and by it placed in charge of the trip, as found by the trial court. The duties imposed by this relation were diligently and in a reasonably skilful way performed by him. No evidence of a violation of duty was offered and none claimed except as to the failure to secure a written permit to take this load over the bridge, but, as has been said, the failure to secure the permit does not affect the point controlling here and may be left aside as immaterial. There was a substantial compliance with the employer's instructions and no liability on Ahrens' part under the evidence exists to hold harmless the employer for damages resulting from the carrying out of the business.

*By the Court.*—Judgment reversed as to appellant Ahrens, and cause remanded with directions to dismiss the cross-complaint of the Yellow Baggage and Transfer Company against him. As to respondents the judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on May 9, 1933.