Huck, Plaintiff, v. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Defendant and Respondent: Doughboy Industries, Inc., Interpleaded Defendant and Appellant.

*September 11—October 7, 1958.*

126

For the appellant there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner*.

For the respondent there was a brief by *Wilcox & Sullivan* of Eau Claire, attorneys, and *Warren Newcome* of St. Paul, Minnesota, of counsel, and oral argument by *Francis J. Wilcox*.

WINGERT, J. Summary judgment was properly denied.

The present phase of this litigation turns on the construction of the following provision of the contract between Doughboy (the "Industry") and the Omaha Railway:

"11. The Industry also agrees to indemnify and hold harmless the Railway Company for loss, damage, or injury from any act or omission of the Industry, its employees, or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about said track; and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto it shall be borne by them equally."

The problem arises from the fact that when plaintiff Huck was hurt he was some 50 to 65 feet south of the end of "said track," but on the other hand the loaded car was standing on "said track" when it was started in motion down the incline, and all but 50 to 65 feet of its journey to the point of impact took place on "said track."

Doughboy, the appellant, contends that the indemnity agreement does not apply to the present case because the plaintiff Huck was not "on or about said track" when he was hurt, but was 65 feet away from it, and that the words "while on or about said track" refer to the injured person and not to the act or omission which caused the injury. On the other hand, the Omaha argues that since the causal act or omission of the Doughboy employee who started the car

took place while such employee was "on or about said track" Doughboy must indemnify the Omaha for any liability on its part, because "while on or about said track" refers back to "any act or omission of the Industry, its employees, or agents." It is also suggested on Omaha's behalf, as an alternative, that the so-called last-antecedent rule may be applied to restrict the application of the limitation "while on or about said track" to the immediately preceding expression "the person or property of any other person or corporation" which would leave the injury to Huck, an employee of Doughboy, one of the parties to the contract, subject to the agreement.

We need not resolve the grammatical question as to which of the preceding phrases is modified by the words "while on or about said track," for we are satisfied that Huck was "about said track" when he was hurt even though as much as 65 feet away from it, and since the alleged negligent conduct of the Doughboy employees concededly took place on "said track," the indemnity agreement covers the case on any interpretation, and therefore the motion for summary dismissal of Omaha's cross complaint was properly denied.

Ambiguities in the agreement must be construed in a manner consonant with its dominant purpose and conducive to the accomplishment of such purpose. Here the occurrence of the indemnity agreement in a contract for the construction of new trackage by the railroad for Doughboy, on Doughboy's land, on which trackage cars would be moved about by Doughboy without any control or supervision by the railroad, makes it probable that the indemnity agreement was inserted to protect the railroad from liability resulting from ordinary activities of Doughboy in the use of the new track. This purpose would be defeated in many readily conceivable cases that might arise, if the indemnity were to be limited to accidents occurring while the injured person or property was on the new track or within arm's length or a

few feet of it. To effectuate fully the probable purpose of the indemnity paragraph, and avoid crippling it with arbitrary limitations having little relation to such purpose, the words "about said track," if applicable to the injured person, must be construed as extending to the obvious field of peril from readily foreseeable movement of cars on "said track."

Here Huck may have been 65 feet or perhaps even a little farther from the end of "said track," but he was on the immediate continuation of "said track" in the direct line of travel of cars moving downhill on "said track" and in a place which any car started in motion in that direction on "said track" might be expected to reach at substantial velocity if not carefully handled, having in mind the descending incline toward the track scale. Thus Huck was in the clear and easily-to-be-foreseen field of peril, and hence, we think, was "about said track."

We are not saying that everyone within 65 feet or even five feet of the new or relocated switch track is "about said track" within the meaning of the indemnity agreement. We go no further than to hold that Huck was "about said track" in the circumstances presented to us by the record on this appeal, for the reasons stated. On that point we think the meaning of the contract, read in the light of its origin and its probable purpose, is clear enough so that there is no occasion for recourse to the principle that ambiguities in a contract are to be construed against the party who prepared and presented it (here Omaha), nor to that asserted by the Omaha, that ambiguities in indemnity contracts should be construed in favor of the indemnitee.

*By the Court.*—Order affirmed.

MARTIN, C. J., took no part.