A. O. SMITH CORPORATION, Intervening Plaintiff and Respondent, v. ASSOCIATED SALES & BAG COMPANY, Defendant and Appellant: KENNEDY-INGALLS CORPORATION, Plaintiff: MEISSNER, Defendant.

*February 9—March 6, 1962.*

For the appellant there were briefs by *Michael Klein* and *Suel O. Arnold,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

For the respondent there was a brief by *Porter, Lauritzen, Quale, Porter & Zirbel,* attorneys, and *Irving W. Zirbel* of counsel, all of Milwaukee, and oral argument by *Irving W. Zirbel.*

BROADFOOT, C. J.    In sustaining the demurrer the trial court relied upon the case of *Albert v. Regal Ware* (1959),

6 Wis. (2d) 519, 95 N. W. (2d) 240. The decision in that case was based upon *Beck v. Hamann* (1953), 263 Wis. 131, 56 N. W. (2d) 837, and *Guse v. A. O. Smith Corp.* (1952), 260 Wis. 403, 51 N. W. (2d) 24. In the *Guse Case, supra,* we stated (p. 405) :

"The only section in the act directly involved in this case is sec. 102.03, Stats., and particularly sub. (2) thereof, which provides: 'Where such conditions [defining compensable injury] exist *the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer.'*

"That provision does not state that the remedy under the act is exclusive against an employer with respect to *merely* the claims of an employee, nor with respect to *merely* the claims of any particular class of persons. The act from the time of its enactment as ch. 50, Laws of 1911, until its revision in 1931, definitely negated any such construction by virtue of the express provision of the original enactment in sec. 2394—4, Stats. 1911, to wit:

" 'Liability for the compensation hereinafter provided for, *in lieu of any other liability whatsoever,* shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, . . .'

"That language was deleted by a Revisor's bill, ch. 403, Laws of 1931. However, the Revisor's note in 1931, appended as a footnote to sec. 102.01, Stats. 1933, states:

" 'This revision of chapter 102 of the statutes is for the purpose of clarifying and simplifying the language, improving the arrangement, omitting unnecessary words, repealing expressly provisions which have been impliedly repealed by later enactments, and facilitating the finding and citing its various provisions. *The meaning of the chapter remains the same as before. It is the intention to change the verbiage without changing the law.'*

"Consequently, the act continues to have the legal effect of sec. 2394—4, Stats. 1911, notwithstanding the 1931 revision, because revisions of statutes do not change their meaning unless the intent to change the meaning necessarily and irresistibly follows from the changed language. *State v.*

*Maas*, 246 Wis. 159, 16 N. W. (2d) 406; *City of Milwaukee v. Milwaukee County*, 236 Wis. 7, 294 N. W. 51.

"In enacting the act, the legislature intended to impose upon employers an absolute liability, regardless of fault; and in return for this burden, intended to grant employers immunity from all tort liability on account of injuries to employees."

What we have held in these cases is that the sole liability of an employer because of the injury of an employee in the course of his employment, either to the employee or to anyone else, is under the Workmen's Compensation Law.

In 2 Larson, Law of Workmen's Compensation, p. 230, sec. 76.21, the author states:

"The great majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or joined by the third party as a joint tort-feasor, whether under contribution statutes or at common law. The ground is a simple one: The employer is not jointly liable to the employee in tort; therefore he cannot be a joint tort-feasor. The liability that rests upon the employer is an absolute liability irrespective of negligence, and this is the only kind of liability that can devolve upon him whether he is negligent or not. The claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in a common liability."

Thus it appears that Wisconsin is in line with the majority rule throughout the country. Our decisions in the *Regal Ware, Guse,* and *Beck Cases* determine the issue before us. However, Associated is of the opinion that this court receded somewhat from those decisions by language used in the first appeal in this matter (5 Wis. (2d) 100, 107):

"The tort-liability issue is still open to the defendants to raise by answer to Smith's proposed complaint, and must be decided independently of the releases executed in settlement

of the James action. If, for example, it should be determined that James' injury was due to negligence of fellow employees, as well as defects in the apron worn, and, therefore, Kennedy-Ingalls may have yielded up a valuable right of contribution in the settlement of the James action which would have inured to the defendants' benefit, it may be determined that Smith should be denied subrogation. The holding herein that a showing of subrogation has been made by Smith's proposed complaint will not be conclusive on this issue when the same is later litigated on the merits."

Nothing in the aforequoted language is open to the interpretation that the intervening plaintiff might be liable in tort to Associated for any damages it may have been required to pay Kennedy-Ingalls. However, such language might be pertinent to the defenses Associated has raised by answer to the cause of action of the intervening plaintiff.

The trial court, therefore, was correct in its ruling.

*By the Court.*—Order affirmed.