HINTZ, Plaintiff and Respondent, v. DARLING FREIGHT, INC., and another, Defendants and Respondents: JEFF'S CARTAGE, INC., Interpleaded Defendant and Appellant.

*September 4—October 2, 1962.*

For the appellant there was a brief and oral argument by *William J. O'Connor* of Milwaukee.

For the respondents there was a brief and oral argument by *George D. Young* of Milwaukee.

DIETERICH, J.   An action for damages for personal injuries under the safe-place statute, commenced by the plaintiff Ellsworth Hintz against Darling Freight, Inc., and its insurer.

For the purposes of this opinion the plaintiff, Ellsworth Hintz, will be referred to as "Hintz," the defendants, Darling Freight, Inc., and its insurer as "Darling," and the interpleaded defendant, Jeff's Cartage, Inc., as "Jeff's."

The complaint alleges that on January 8, 1959, the day of the accident, Hintz was employed by Jeff's. During the course of his employment he was required to load freight onto a road trailer owned and operated by the defendant Darling. Hintz, while loading the trailer, stepped into a hole in the floor of the trailer, and was injured.

Darling in its answer to the complaint of Hintz denied liability and obtained an order interpleading Jeff's as a party defendant, and cross-complained against Jeff's alleging that there was an indemnity agreement in full force and effect by and between the defendant Darling and the interpleaded defendant, Jeff's, containing the following provision.:

"The second party (Jeff's Cartage, Inc.) further agrees to indemnify the first party, its subsidiaries, affiliates, and assigns and save them harmless against, and upon demand to pay them any and all losses, costs, damages, charges, counsel fees, claims, and expenses which it may sustain or incur or for which it may become liable by reason of any failure, negligence, or overt act by the second party or his/their employee/s, and or agent/s which shall result in

bodily injury or property damage to any other party or person including employee/s of said first party."

The cross complaint further alleges that the trailer, although owned by it, had been delivered into the custody of the interpleaded defendant, Jeff's, for the purpose of loading the same on January 8, 1959.

Jeff's answer to the cross complaint denies that the trailer was in its custody for any other purpose than loading; admits that the indemnity agreement between Darling and Jeff's existed; denies that it had any duty to maintain the trailer, particularly the floor, and denies that Darling will be entitled to indemnification in full or in any part from Jeff's on any grounds.

On January 22, 1962, Jeff's moved for summary judgment. The supporting affidavit of Francis J. Waldhuetter, office manager for Jeff's, states that Robert Muenzenberger, a dispatcher for Darling, was on Jeff's loading dock on January 8, 1959, pursuant to his duties as dispatcher, which included the care, custody, and control of Darling vehicles and trailers; that Muenzenberger exercised such care, custody, and control; and that Jeff's had no authority or obligation to repair the trailer.

Darling in opposition to the motion for summary judgment submitted an affidavit by Robert Muenzenberger. He states that he and one James Cook, an employee of Jeff's, inspected the trailer and discovered the hole in the floor after which it was agreed that Cook would warn his co-employees, and that Muenzenberger then left the trailer in the care, custody, and control of Jeff's.

The trial court denied the motion for summary judgment.

There is no dispute between the parties that there is an indemnity agreement between Jeff's and Darling. Except for the existence of the indemnity agreement, Jeff's sole

liability as the employer of Hintz, because of the injury Hintz received in the course of his employment, whether to Hintz as an employee or to anyone else, is under the Workmen's Compensation Law. *A. O. Smith Corp. v. Associated Sales & Bag Co.* (1962), 16 Wis. (2d) 145, 113 N. W. (2d) 562. Jeff's liability, if any, in the instant case is predicated on the indemnity agreement. See *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 5 Wis. (2d) 124, 92 N. W. (2d) 349.

The issue on summary judgment is whether there is a substantial issue of fact to be tried. *Krause v. Hartwig* (1961), 14 Wis. (2d) 281, 284, 111 N. W. (2d) 138, and *Northern Pacific R. Co. v. Knauf & Tesch Co.* (1962), ante, p. 249, 116 N. W. (2d) 138.

Darling has taken the position in its cross complaint and in its affidavit by Muenzenberger that Jeff's had complete custody of the trailer for loading and had the responsibility for warning its employees of the danger and taking precautions to prevent such injury as the plaintiff received.

Jeff's, on the contrary, has taken the position in its answer to the cross complaint and in the affidavit by its office manager, Waldhuetter, that Muenzenberger, Darling's dispatcher, exercised care, custody, and control over all Darling vehicles during loading and that Jeff's had no authority to repair the trailer in question.

The pleadings and affidavits present a substantial issue of fact as to who, Jeff's or Darling, had the care, custody, and control over the trailer at the time plaintiff was injured.

The trial court's order denying Jeff's motion for summary judgment is affirmed.

*By the Court.*—Order affirmed.