ENGEL, Plaintiff, v. BINDEL and others, Defendants: ANTCZAK and others, d/b/a ALOIS ANTCZAK & SON, Defendants and Appellants: DESCHAINE and wife, Impleaded Defendants and Respondents.

*April 2—April 27, 1965.*

For the appellants there was a brief by *Gibbs, Roper & Fifield* of Milwaukee, and oral argument by *Richard S. Gibbs*.

For the respondents there was a brief by *Stupar & Enich* and *Steve Enich* and *Reginald M. Hislop, Jr.,* all of Milwaukee, and oral argument by *Steve Enich*.

BEILFUSS, J.   The issue is: Can the impleaded defendants Deschaine be held liable to the defendants Antczak, for any liability the Antczaks may have to the plaintiff, under an implied contract to indemnify?

It is conceded that there is not an express contract between the Antczaks and the Deschaines whereby the Deschaines agreed to indemnify the Antczaks for any liability the Antczaks might sustain arising by virtue of the work done by the Antczaks for the Deschaines.

The Antczaks disavow that their cross complaint against the Deschaines is based upon a joint tort-feasor relationship.

The contention of the Antczaks is that the door was improperly installed at the direction and insistence of the Deschaines and that the relationship of principal and agent was thus established, and that under the agency theory the principal should indemnify the agent for liability he sustains to third persons arising because they as agents followed the directions of their principal.

The trial court agreed with the Deschaines in their contention that the Workmen's Compensation Act relieved them of all liability for an injury to an employee other than that provided for the employee in the act and that there can be no indemnification liability without express contract.

The Antczaks cite authority for the general proposition that where an agent is employed and directed by a principal to do an act for the benefit of the principal, the law implies a promise of indemnity by the principal for damages sustained by the agent caused by carrying out the directions of the principal.[1]

The rule and the authorities cited do apply generally to the principal-agent relationship, but here we are dealing with a special and limited situation that requires a limitation of the general rule.

The Deschaines were liable to the plaintiff under the terms of the Workmen's Compensation Act.

In *A. O. Smith Corp. v. Associated Sales & Bag Co.* (1962), 16 Wis. (2d) 145, 113 N. W. (2d) 562, the court considered several prior cases [2] and text authorities [3] dealing with employer's liability to the employee and third-party tort-feasors, and stated at page 149:

---

[1] Restatement, 2 Agency (2d), p. 329, sec. 439; 2 Am. Jur., Agency, p. 231, sec. 294; *State v. Yellow Baggage & Transfer Co.* (1933), 211 Wis. 391, 396, 247 N. W. 310.

[2] *Albert v. Regal Ware* (1959), 6 Wis. (2d) 519, 95 N. W. (2d) 240; *Beck v. Hamann* (1953), 263 Wis. 131, 56 N. W. (2d) 837;

"What we have held in these cases is that the sole liability of an employer because of the injury of an employee in the course of his employment, either to the employee or to anyone else, is under the Workmen's Compensation Law."

We have, however, recognized that the rule of no liability of the employer over and above that imposed by the Workmen's Compensation Act does not apply in case of an *express* agreement for indemnification. See *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. (2d) 376, 117 N. W. (2d) 271; *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 5 Wis. (2d) 124, 92 N. W. (2d) 349.

We are urged to extend the common-law obligation to indemnify to implied contracts as well as express agreements upon the ground that no sound reason appears to distinguish them. After considering the arguments and authorities cited by the Antczaks, we are not persuaded to do so for the reason that we have concluded the legislature intended to limit the liability of the employer in exchange for his absolute liability under the Workmen's Compensation Act. If the liability of the employer is to be extended beyond the limits intended by the legislature it should not be by a legally implied agreement to indemnify.

The rule as announced is not unduly harsh to the third party. He can, as a prerequisite, insist upon an express indemnity agreement or refrain from doing a prohibited act or an act which he knows or should know might subject him to liability.

*By the Court.*—Order affirmed.

FAIRCHILD, J., dissents.

*Guse v. A. O. Smith Corp.* (1952), 260 Wis. 403, 51 N. W. (2d) 24; *State v. Maas* (1944), 246 Wis. 159, 16 N. W. (2d) 406; *City of Milwaukee v. Milwaukee County* (1940), 236 Wis. 7, 294 N. W. 51.

[3] 2 Larson, Law of Workmen's Compensation, p. 230, sec. 76.21.