ALGREM, Plaintiff, v. NOWLAN and wife, Defendants and Appellants: MORSE and another, d/b/a CAIN-ASHCRAFT COMPANY, Impleaded Defendants and Respondents.

*November 1—November 28, 1967.*

72

For the appellants there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *Griffin G. Dorschel,* all of Madison.

For the respondents there was a brief by *Wickhem, Consigny & Sedor* of Janesville, and oral argument by *Gilbert D. Sedor.*

BEILFUSS, J. The issue is: Do the terms of the lease constitute an express agreement of indemnity in favor of the lessors-appellants for liability they might sustain because of the lessee-respondent's failure to comply with repair and maintenance covenants of the lease?

The provisions of the lease, which the appellants claim constitute the indemnity agreement, are as follows:

"Party of the second part [Cain-Ashcraft] hereby agrees to pay to the said parties of the first part [Nowlans], or assigns, the said amount of rent at the several times hereinbefore stated, during the continuance of this lease, and to keep said premises in good repair; to comply with all the ordinances and regulations of the City relative to cleaning streets, gutters, sidewalks or alleys fronting or belonging to said premises, . . .

"  . . .

"It is further understood and agreed that if the party of the second part, or its successors or assigns, shall fail to pay the rent at the times above stated, or shall use said premises or any part thereof contrary to the conditions herein contained, or shall violate any of the terms or conditions hereof, or shall wilfully or maliciously do

injury to the same, this lease shall, at the option of the parties of the first part, be void as to the party of the second part, and the parties of the first part, or their legal representatives, shall be entitled to the immediate possession of said premises, without hindrance or delay, and to a recovery of all damages sustained by the acts of the party of the second part."

For the purposes of this opinion it is assumed that the plaintiff can successfully establish his cause of action for damages, that there was a breach of the repair covenant by the lessee, Cain-Ashcraft, and that the plaintiff's injuries are the result of the lessee's negligence in this respect.[2]

It is clear from this court's holding in *Engel v. Bindel* (1965), 27 Wis. 2d 456, 459, 460, 134 N. W. 2d 404, that indemnification for employee's injury under these circumstances can only be predicated upon an express contractual provision. It was said in that case:

"In *A. O. Smith Corp. v. Associated Sales & Bag Co.* (1962), 16 Wis. (2d) 145, 113 N. W. (2d) 562, the court considered several prior cases and text authorities dealing with employer's liability to the employee and third-party tort-feasors, and stated at page 149:

" 'What we have held in these cases is that the sole liability of an employer because of the injury of an employee in the course of his employment, either to the employee or to anyone else, is under the Workmen's Compensation Law.'

"We have, however, recognized that the rule of no liability of the employer over and above that imposed by the Workmen's Compensation Act does not apply in case of an *express* agreement for indemnification. See *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. (2d) 376, 117 N. W. (2d) 271; *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 5 Wis. (2d) 124, 92 N. W. (2d) 349.

[2] The use of a motion for summary judgment where material factual issues are unresolved was criticized in both the majority and dissenting opinions in *Spoehr v. Mittelstadt* (1967), 34 Wis. 2d 653, 150 N. W. 2d 502.

". . . we have concluded the legislature intended to limit the liability of the employer in exchange for his absolute liability under the Workmen's Compensation Act. If the liability of the employer is to be extended beyond the limits intended by the legislature it should not be by a legally implied agreement to indemnify."

Cain-Ashcraft contends that even if the provision of the lease may constitute an express contract of indemnity rather than an implied contract it must be strictly construed against the indemnitees, the appellants, Nowlans.

The construction of indemnity agreements has depended largely on public policy. The policy underlying the construction rules was clearly defined at common law to be that " 'one *who is himself without fault* and is forced by operation of law to defend himself against the act of another, can recover over against that other the entire amount of the loss, including reasonable attorney's fees encountered.' " 50 Marquette L. Rev. (1966), 77, 80, quoting Hennessey, *The New Construction Statute*, 47 Mass. L. Q. (1962), 421, 422; and citing *Zulkee v. Wing* (1866), 20 Wis. 429 (*408); and referring to *Hartford Accident & Indemnity Co. v. Worden-Allen Co.* (1941), 238 Wis. 124, 130, 297 N. W. 436.

This policy has been clearly reflected in cases where we have construed indemnity contracts. In cases where the damage results solely from the negligence of the indemnitee, and the indemnitee seeks recovery from the indemnitor, this court and the overwhelming majority of other state courts apply the rule that the indemnity contracts will be strictly construed.[3] In *Mustas v. Inland Construction, Inc.* (1963), 19 Wis. 2d 194, 120 N. W. 2d 95, 121 N. W. 2d 274, this court held a broad indemnity clause inapplicable because it did not expressly provide

[3] 175 A. L. R. 8, 32. *See also Mustas v. Inland Construction, Inc.* (1963), 19 Wis. 2d 194, 120 N. W. 2d 95, 121 N. W. 2d 274.

for indemnification of damages caused solely by the negligence of the indemnitee. The clause provided that the indemnitor (a subcontractor) would assume full responsibility for any damages to personal property " 'in the performance of the contract arising out of the assumed work, whether directly or indirectly, to be performed' " by the indemnitor. It further provided that the subcontractor [indemnitor] would hold the owner and general contractor harmless from any claims for injury " 'resulting from, or arising out of, and in connection with, any of the subcontractor's operations.' "

The court also reflected the underlying policy in *Hartford Accident & Indemnity Co. v. Worden-Allen Co.* (1941), 238 Wis. 124, 297 N. W. 436, but on this occasion it was by *not* applying the strict construction rule. In *Hartford,* the *indemnitor* was negligent and under an indemnity clause no broader than the one in *Mustas,* this court ruled the indemnitor was obligated to indemnify. The indemnity clause in *Hartford* provided:

" 'In accepting this order you agree to indemnify, reimburse and save harmless the owner and us of and from all loss and damage to person or property and all claims, suits or demands arising from damages or injuries to you and your employees, ourselves and our employees, the owner and his employees, other contractors and their employees, and the general public, due to, arising from, or connected with your operations on this job.' " (p. 127.)

The conclusion we reach is that the rule of strict construction of indemnity contracts applies only where it is contended the indemnity contract covers the negligent acts of the indemnitee. Indeed the rule is usually stated in the following or similar language:

" 'A contract of indemnity will not be construed to indemnify a person *against his own negligence* where such intention is not expressed in "clear and unequivocal terms." ' " 175 A. L. R. 8, 30. (Emphasis supplied.)

*See also Majestic Realty Corp. v. Brant* (1929), 198 Wis. 527, 224 N. W. 743.

Where the indemnitor merely contracts to indemnify another against his own acts there is no reason in law, logic or policy to apply strict construction. Rather, public policy would seem to call for a rule of broad construction in such instances. In the usual case where the indemnitor indemnifies against his own acts of negligence there is no real need for an express written contractual provision of indemnity. If the owner incurs liability as a result of an accident caused by the negligence of the lessee, there is a common-law right to indemnification which would be applicable even in the absence of a written indemnity agreement. *Hartford Accident & Indemnity Co. v. Worden-Allen Co., supra; Zulkee v. Wing, supra. See* 50 Marquette L. Rev. (1966), 77, 80.

It is only by this court's determination that the legislature intended to limit the employer's liability to that provided under the Workmen's Compensation Act that it, in *Engel v. Bindel, supra,* would not apply the common law and imply a contract of indemnity. Had it been clear in that case that the alleged indemnitor was solely at fault for the damages it would have been more difficult to refuse to imply indemnification, although it would have still been required to do so. Under the circumstances of this case it is incorrect to assume that the legislative policy of limitation of liability should also require the court to apply a rule of strict construction emasculating an indemnity provision clearly capable of being read to include indemnity for the indemnitor's own negligence.

The indemnity provision of the lease in the case at bar clearly admits of the construction placed upon it by appellants and as such is an express contract. Because there is no reason to apply strict construction to the clause, the construction given it must be in accordance with its plain meaning. The clause is free from am-

biguity. It states that it covers all damages sustained by the lessor for breaches of the covenants of the lease. Only by strict construction could this clause possibly be limited to physical damages to the premises as contended by respondent. In construing an indemnity contract this court said in *Cernohorsky v. Northern Liquid Gas Co.* (1955), 268 Wis. 586, 592, 593, 68 N. W. 2d 429:

"The language of a contract must be understood to mean what it clearly expresses. A court may not depart from the plain meaning of a contract where it is free from ambiguity. *Depner v. United States Nat. Bank* (1930), 202 Wis. 405, 232 N. W. 851. In construing the terms of a contract, where the terms are plain and unambiguous, it is the duty of the court to construe it as it stands, even though the parties may have placed a different construction on it. *George J. Meyer Mfg. Co. v. Howard B. & C. Co.* (1945), 246 Wis. 558, 18 N. W. (2d) 468. It seems to us that when parties to a contract adopt a provision which does not contravene a principle of public policy, and which contains no element of ambiguity, the court has no right, by a process of interpretation, to relieve one of them from any disadvantageous terms which he has actually made."

It is our conclusion that the two provisions of the lease should be construed to create an obligation of indemnity on the part of Cain-Ashcraft (indemnitor) for liability sustained by the Nowlans (indemnitees) because of the negligent acts of Cain-Ashcraft in the maintenance and repair of the premises.

The allegations of the plaintiff's complaint go beyond allegations of failure to maintain and repair; it is also alleged that there are unsafe structural deficiencies. The rule of strict construction should be applied so as to relieve Cain-Ashcraft from indemnifying the Nowlans for liability that may arise because of the unsafe structural defects of the building or the negligence, if any, of the Nowlans.

The determination of Cain-Ashcraft's duty to indemnify must await the factual findings of the trial.

If Cain-Ashcraft is obligated to defend because of the indemnity provision, it appears that it is placed in an inconsistent position since it is entitled to a portion of Algrem's recovery in repayment of the compensation paid by it. This problem was also posed in *Hartford Accident & Indemnity Co. v. Worden-Allen Co., supra.* The court said in that case, at page 132:

"These contentions cannot be sustained. Worden [indemnitor] executed the indemnity contract and must be considered to have known why defense of the *Criswell* [injured party] action was being tendered to it. We see no reason why Worden could not properly have defended the *Criswell* suit on behalf of Seaman [indemnitee] and cancelled off its share of the recovery as a part payment upon its indemnity contract to Seaman."

*By the Court.*—Judgment reversed.