GREDE FOUNDRIES, INC., Appellant, v. PRICE ERECTING COMPANY, Respondent.

*February 28—April 9, 1968.*

---

504

The cause was submitted for the appellant on the briefs of *James R. Mattison* and *Becker, Kinnel, Doucette & Mattison,* all of Milwaukee, and for the respondent on the brief of *Ames, Riordan, Crivello & Sullivan,* attorneys, and *John H. Ames* of counsel, all of Milwaukee.

CONNOR T. HANSEN, J. The issue in this case is whether the legislative policy which limits an employer's liability to that provided under workmen's compensation, extends to actions for implied indemnification by third parties based on employer's breach of contract.

It is well established that the sole liability of an employer because of the injury of an employee in the course of his employment, either to the employee or to anyone else, is under workmen's compensation law. *Larsen v. J. I. Case Co.* (1968), 37 Wis. 2d 516, 155 N. W. 2d 666; *Algrem v. Nowlan* (1967), 37 Wis. 2d 70, 75, 154 N. W. 2d 217; *Engel v. Bindel* (1965), 27 Wis. 2d 456, 460, 134 N. W. 2d 404; *A. O. Smith Corp. v. Associated Sales & Bag Co.* (1962), 16 Wis. 2d 145, 149, 113 N. W. 2d 562.

Such rule does not, however, apply to cases involving express agreements for indemnification. *Engel v. Bindel, supra,* at 460; *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. 2d 376, 117 N. W. 2d 271.

In the case at bar there is no express indemnification agreement. Appellant contends that its right to indemnification from Price Erecting Company is predicated upon Price's breach of contract which caused Berger's injuries. Appellant admits that Price's sole liability, in tort, is governed by workmen's compensation; however, it is argued that this is not a tort action but rather one for breach of contract.

It is stipulated that Price would not allow its employees to work off ladders in direct violation of safety orders

promulgated by the industrial commission.[1] (3 Wis. Adm. Code, Jan. 1956.)

Failure to comply with a general safety order applying to places of employment promulgated by the industrial commission constitutes a violation of the safe-place statutes. *Paluch v. Baldwin Plywood & Veneer Co.* (1957), 1 Wis. 2d 427, 434, 85 N. W. 2d 373.

It is this violation which appellant contends breached the contract between Price and Grede. It is also this violation which appellant contends caused Berger's injuries since, had ladders been used, Berger would not have walked along the monorail.

We consider the rule enunciated in *Engel v. Bindel, supra,* 460, to be controlling in the case presently under consideration:

"We are urged to extend the common-law obligation to indemnify to implied contracts as well as express agreements upon the ground that no sound reason appears to distinguish them. After considering the arguments and authorities cited by the Antczaks, we are not persuaded to do so for the reason that we have concluded the legislature intended to limit the liability of the employer in exchange for his absolute liability under the Workmen's Compensation Act. If the liability of the employer is to be extended beyond the limits intended by the legislature it should not be by a legally implied agreement to indemnify.

"The rule as announced is not unduly harsh to the third party. He can, as a prerequisite, *insist upon an express indemnity agreement* or refrain from doing a

---

[1] "Ind 35.01 **Responsibility for provision and maintenance of safeguards.** The responsibility for the provision and maintenance of the protection for a workman required under this code rests with his immediate employer, unless this responsibility is otherwise definitely assigned in the specifications or contract, and properly executed by the assignee."

"Ind 35.10 **Scaffolds required.** Scaffolds which comply with the requirements of this code shall be provided to furnish reasonably safe working places for workmen in exposed or elevated places except that ladders may be used where work can be safely done for short periods."

prohibited act or an act which he knows or should know might subject him to liability." (Emphasis added.)

The determination made in *Engel,* as above set forth, was recently confirmed in the case of *Algrem v. Nowlan, supra,* page 78:

". . . If the owner incurs liability as a result of an accident caused by the negligence of the lessee, there is a common-law right to indemnification which would be applicable even in the absence of a written indemnity agreement. *Hartford Accident & Indemnity Co. v. Worden-Allen Co., supra; Zulkee v. Wing, supra. See* 50 Marquette L. Rev. (1966), 77, 80.

"It is only by this court's determination that the legislature intended to limit the employer's liability to that provided under the Workmen's Compensation Act that it, in *Engel v. Bindel, supra,* would not apply the common law and imply a contract of indemnity. *Had it been clear in that case that the alleged indemnitor was solely at fault for the damages it would have been more difficult to refuse to imply indemnification, although it would have still been required to do so. . . ."* (Emphasis added.)

The appellant urges us to adopt the rationale of *Ryan Co. v. Pan-Atlantic* (1956), 350 U. S. 124, 76 Sup. Ct. 232, 100 L. Ed. 133. In *Ryan,* there was no express indemnity agreement and the case involved the interpretation of the Longshoremen's and Harbor Workers' Compensation Act (a federal act), which contained an exclusive remedy provision similar to that contained in sec. 102.03 (2), Stats.[2] The court, in effect, found an implied agreement to indemnify the shipowner for damages sustained by the shipowner as a result of the nonperformance of the implied duty to perform the work safely.

---

[2] "102.03 **Conditions of liability.**

". . .

"(2) Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

The exposition of the principles set forth in *Ryan* are persuasive. However, the case concerned itself with the interpretation of a federal act and therefore is not controlling in the interpretation of the Wisconsin statutes. Also, *Ryan* and this case are factually distinguishable. In *Ryan,* the stevedoring contractor's breach of his warranty of workmanlike service was the sole factor causing the injury to its employee. In this case, it is quite probable the appellant would experience difficulty in proving itself entirely without fault. In the litigation between Berger and Grede Foundries, Inc., the jury found Grede 100 percent negligent due to the loose, disconnected air line, and an examination of the record reveals there is credible evidence to support the verdict.

Therefore, we conclude that the trial court was correct in entering judgment for the respondent.

Larson, in his treatise on workmen's compensation, when considering a third-party's action against a negligent employer concludes with the following appropriate observation:

"A situation like this ought to be dealt with legislatively. It is rather inconsiderate to force courts to speculate about legislative intention on the strength of statutory language in framing which the draftsmen had not the remotest trace of the present question in their minds. The legislature should face squarely the question whether the third party who happens to be so unfortunate as to get tangled up with a compensable injury should, so to speak, individually subsidize the compensation system by bearing alone a burden which normally he could shift to the employer." 2 Larson, *Law of Workmen's Compensation,* p. 243, sec. 76.53.

*By the Court.*—Judgment affirmed.