Rosencrans, Appellant, v. Wisconsin Telephone Company, Respondent.

*No. 243. Argued February 1, 1972.—Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 643.)

[9] *Id.* at pages 136, 137.

For the appellant there was a brief by *Beck & Buckley* of Waukesha, and oral argument by *John P. Buckley*.

For the respondent there was a brief by *Phillip L. Wettengel* and *F. D. Huber, Jr.*, attorneys, and *A. Thomas Breit* of counsel, all of Milwaukee, and oral argument by *Mr. Huber*.

BEILFUSS, J.   The issue is whether a wife can assert a separate and independent cause of action against her husband's employer for damages because of loss of consortium due to injuries sustained by the husband in an industrial accident covered by workmen's compensation.

The parties are agreed that the injuries sustained by James Rosencrans were compensable under our workmen's compensation statutes.

The defendant, in the trial court and here, contends that the defendant, by virtue of the fact that it was an employer and subject to the Workmen's Compensation Act, has no liability because of injuries to employees arising out of the course of employment other than the liability provided for under the act.

As authority for this contention the defendant cites sec. 102.03 (2), Stats., and several cases construing the statute.

Sec. 102.03 (2), Stats., provides:

"Conditions of liability. . . .

"(2) Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

In *Guse v. A. O. Smith Corp.* (1952), 260 Wis. 403, 51 N. W. 2d 24, the plaintiff's wife was employed by the defendant. In the course of her employment she suffered a broken back and a severed spinal cord, causing permanent and total paralysis from the point of severance downward. The accident was caused through negligence of the defendant's employees. She received benefits under the Workmen's Compensation Act.

This court held that the plaintiff-husband did not have a cause of action against the defendant for loss or consortium because sec. 102.03 (2), Stats., granted employers immunity from all tort liability on account of injuries to employees. *Guse, supra,* page 407. The immunity from tort liability was granted in exchange for the absolute liability to the employee imposed upon the employer, regardless of fault, under the Workmen's Compensation Act.

This court has consistently held that when an employee is injured in the course of his employment the employer's liability is limited to the benefits conferred under the Workmen's Compensation Act. *Grede Foundries, Inc. v. Price Erecting Co.* (1968), 38 Wis. 2d 502, 157 N. W. 2d 559; *Larsen v. J. I. Case Co.* (1968), 37 Wis. 2d 516, 155 N. W. 2d 666; *Algrem v. Nowlan* (1967), 37 Wis. 2d 70, 154 N. W. 2d 217; *Engel v. Bindel* (1965), 27 Wis. 2d 456, 134 N. W. 2d 404; *A. O. Smith Corp. v. Associated Sales & Bag Co.* (1962), 16 Wis. 2d 145, 113 N. W. 2d 562.

The appellant contends that when *Guse v. A. O. Smith Corp., supra,* was decided, a wife did not have the legal

right to sue for loss of consortium due to the negligent acts of a third party. *See Nickel v. Hardware Mut. Casualty Co.* (1955), 269 Wis. 647, 70 N. W. 2d 205. However, *Nickel* was overruled by this court in *Moran v. Quality Aluminum Casting Co.* (1967), 34 Wis. 2d 542, 150 N. W. 2d 137, and the wife now does have a cause of action for loss of consortium.

Shortly after *Moran, supra,* was decided, in *Fitzgerald v. Meissner & Hicks, Inc.* (1968), 38 Wis. 2d 571, 157 N. W. 2d 595, we extended the right of a wife to sue for loss of consortium independent of an action by the husband in given circumstances.

Neither *Moran* nor *Fitzgerald* included situations where the Workmen's Compensation Act was involved. The fact that in Wisconsin we now recognize the right of a married woman to sue for loss of consortium against a tort-feasor responsible for the causative injury to her husband does not mean that immunity granted to an employer by the legislature has been abrogated so as to permit her claim.

In *Grede Foundries, Inc. v. Price Erecting Co., supra,* we said at page 505:

"It is well established that the sole liability of an employer because of the injury to an employee in the course of his employment, either to the employee or to anyone else, is under workmen's compensation law. . . ."

*Moran v. Quality Aluminum Casting Co., supra,* did not present a situation where the Workmen's Compensation Act was involved. Therefore, although a wife generally has the right to sue for loss of consortium, that right can be negated in specific situations by either statute or case law.

We think it obvious that in view of sec. 102.03 (2), Stats., and *Guse, supra,* the plaintiff-wife is precluded from suing the defendant for loss of consortium. Although *Guse* involved a situation where the husband was

suing for loss of consortium, there is no logical reason why both men and women should not be treated equally.

Other jurisdictions with an exclusive remedy under workmen's compensation legislation similar to Wisconsin's legislation have unanimously barred suits by both husbands and wives for loss of the partner's services and consortium. 2 Larson, *Law of Workmen's Compensation,* pp. 152.1, 152.2, sec. 66.20 (*see* cases cited in footnotes 39 and 40) ; 36 A. L. R. 3d 900, 929–931.

It is true, as appellant notes, that the Workmen's Compensation Act, ch. 102, Stats., does not provide payment for loss of consortium. However, if this court were to graft such a remedy onto the statutes in the absence of a legislative directive, it would be usurping the legislative prerogatives and functions. Appellant's recourse is to the legislature, not to this court.

We agree with the trial court that the demurrer to the complaint should be sustained since there is no compelling legal reason why sec. 102.03 (2), Stats., as construed by *Guse, supra,* should not apply to loss of consortium suits by wives.

*By the Court.*—Judgment affirmed.