LAMPADA (James), Plaintiff, v. STATE SAND & GRAVEL COMPANY, Defendant and Third-Party Plaintiff and Respondent: MEDUSA PORTLAND CEMENT COMPANY, Third-Party Defendant: JAHR, Third-Party Defendant and Appellant. [Case No. 71.]

LAMPADA (John), Plaintiff, v. STATE SAND & GRAVEL COMPANY, Defendant and Third-Party Plaintiff and Respondent: MEDUSA PORTLAND CEMENT COMPANY, Third-Party Defendant: JAHR, Third-Party Defendant and Appellant. [Case No. 72.]

*Nos. 71, 72. Argued March 26, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 138.)

316

For the appellant there was a brief by *C. Donald Straub Law Office,* attorney, and *C. Donald Straub* of counsel, all of Milwaukee, and oral argument by *C. Donald Straub.*

For respondent State Sand & Gravel Company there was a brief by *John R. Hoaglund, Jr.,* and *Gibbs, Roper & Fifield,* all of Milwaukee, and oral argument by *Mr. Hoaglund.*

For respondent Medusa Portland Cement Company there was a brief by *Prosser, Wiedabach, Koppa, Lane & Quale, S. C.,* of Milwaukee, and oral argument by *Jack R. Wiedabach.*

318

ROBERT W. HANSEN, J.   The sole issue raised on this appeal is whether the "exclusive remedy" provision of the workmen's compensation statute [1] prohibits an employee from bringing an action for personal injuries against a supervisory co-employee.   What is involved is the construction of such "exclusive remedy" section of the Workmen's Compensation Act.

As to actions for indemnity against a third-party defendant-employer, the "exclusive remedy" provision has been construed to bar such actions. [2]

As to actions for contribution against a third-party defendant-employer, the "exclusive remedy" section has been construed to bar such actions. [3]

However, an action against a supervisory co-employee for negligence under common-law standards has been permitted. [4]   Such claim for damages may not be based upon tort arising from an asserted violation of the safe-place statute, [5] but must be based upon common-law

[1] Sec. 102.03 (2), Stats., providing: "Where such conditions [conditions imposing liability under the workmen's compensation statute] exist ·the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy *against the employer and the workmen's compensation insurance carrier.*" (Emphasis supplied.)

[2] *Grede Foundries, Inc. v. Price Erecting Co.* (1968), 38 Wis. 2d 502, 505, 157 N. W. 2d 559; *Engel v. Bindel* (1965), 27 Wis. 2d 456, 460, 134 N. W. 2d 404.

[3] *Wisconsin Power & Light Co. v. Dean* (1957), 275 Wis. 236, 241, 81 N. W. 2d 486.

[4] *Hoeverman v. Feldman* (1936), 220 Wis. 557, 265 N. W. 580, holding that a supervisory co-employee could be held liable for his failure to exercise ordinary care toward an employee to whom, under the circumstances of the case, he owed a duty under common-law standards.

[5] *Wasley v. Kosmatka* (1971), 50 Wis. 2d 738, 744, 184 N. W. 2d 821, stating, "The duty to provide safe working conditions is nondelegable, and includes providing reasonably safe equipment for the execution of employment tasks and competent fellow workers . . . All of these constructions of the statute indicate that it

failure to exercise ordinary care toward an employee to whom, under the circumstances, a duty was owed.[6] Very recently, this court noted and followed this construction of the "exclusive remedy" section as not barring an action for personal injuries brought against a supervisory co-employee on the basis of negligence by common-law standards.[7]

In the present case, an action was not brought directly against the supervisory co-employee. Rather, it is the third-party complaint of the defendant, State Sand & Gravel Company, against the supervisory co-employee that is challenged. But, in either situation, if the supervisory co-employee is not an employer, he is not within the reach of the "exclusive remedy" provision which applies only to employers and their insurance carriers.

is the employer who is liable, rather than an agent of the employer. . . ." (The reference is to sec. 101.06, Stats. 1969, the "safe-place statute.")

[6] *Pitrowski v. Taylor* (1972), 55 Wis. 2d 615, 622, 623, 627, 628, 201 N. W. 2d 52, holding, ". . . The statute is sec. 102.03 (2), Stats., but, while this statute bars an action against the employer and workmen's compensation insurance carrier, it does not bar a suit against a fellow employee. . . ."

". . . Their liability must rest upon common-law failure to exercise ordinary care toward an employee to whom, under the circumstances, they owed a duty—not upon the increased standard of care that the safe-place law imposes on an employer."

[7] *Anderson v. Green Bay Hockey, Inc.* (1973), 56 Wis. 2d 763, 770, 203 N. W. 2d 79, ". . . In response to the contention of the liability insurer of the employer that *Wasley* bars suits against supervisory employees of an employer, this court stated:

" '. . . All that this court held in *Wasley* was that a safe-place action can be brought only against an employer corporation and not against an employee of the corporation. . . .' "

Quoting from *Pitrowski v. Taylor, supra,* at page 627, and holding the negligence of supervisory co-employees must rest upon " 'common-law failure to exercise ordinary care toward an. employee to whom, under the circumstances, they owed a duty . . . .' "

That the supervisory co-employee is joined as a third-party defendant, rather than being named as a defendant in the original action, makes no meaningful difference. In either event, under the construction given the "exclusive remedy" section, a supervisory co-employee does not come within the provisions of such section.

As we have said of an effort to overturn a long-established construction of a statute,[8] it is the legislature alone that can change a law after its construction by the court.[9] And, when the legislature acquiesces or refuses to change the law, the courts are henceforth constrained not to alter their construction.[10] Having determined legislative intent, they have fulfilled their function, which is not to decide what the law ought to be, but rather to construe and apply the law as the legislature had enacted it.[11]

*By the Court.*—Orders affirmed.

---

[8] *Zimmerman v. Wisconsin Electric Power Co.* (1968), 38 Wis. 2d 626, 157 N. W. 2d 648, rejecting the overturning of the construction of applicable statutes so as to prevent a third-party suit against a fellow employee in industrial accident cases.

[9] *Id.* at page 633.

[10] *Id.* at page 634.

[11] *Estate of Kohls* (1973), 57 Wis. 2d 141, 146, 203 N. W. 2d 666, citing and quoting *Eau Claire National Bank v. Benson* (1900), 106 Wis. 624, 627, 628, 82 N. W. 604, stating, " '. . . When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language. . . . When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of the judges as to what the law ought to be. . . .' "