Linda Sue Agran **HERMAN**, Plaintiff,

v.

**UNITED STATES of America, Defendant, and Third-Party Plaintiff,**

v.

**NORTHWEST ORIENT AIRLINES, INC., and Weldbend Corporation, Third-Party Defendants.**

**Civ. A. No. 72-C-126.**

United States District Court, E. D. Wisconsin.

Oct. 23, 1974.

Alan E. Gesler, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., Milwaukee, Wis., and Michael J. Pangia, Trial Atty., Aviation Unit, Dept. of Justice, Washington, D. C., for defendant and third-party plaintiff.

Ned J. Czajkowski, Milwaukee, Wis., for third-party defendant Northwest Orient Airlines, Inc.

Phillip E. Crump, Milwaukee, Wis., for third-party defendant Weldbend Corp.

## DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

This case arises out of a near mid-air collision on May 29, 1970, between two airplanes over the Milwaukee County Airport. The plaintiff Linda Sue Agran Herman was employed by the third-party defendant Northwest Orient Airlines, Inc. (hereinafter "Northwest") as a stewardess aboard one of the airplanes involved in the mishap.

The plaintiff commenced this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), against the United States of America. Plaintiff alleged in her complaint that defendant United States of America, through its Department of Transportation and the Federal Aviation Administration which operates the control tower at the Milwaukee County Airport, acted in a negligent manner in permitting the two airplanes to come in close proximity, thus causing an abrupt maneuver by the Northwest pilot to avoid a collision, which maneuver in turn caused plaintiff to be thrown about and injured.

Northwest, as plaintiff's employer, paid workmen's compensation benefits to the plaintiff under the provisions of the Minnesota Workmen's Compensation law.

On February 23, 1973, the defendant United States of America served a third-party complaint on Northwest. The third-party complaint seeks indemnity from Northwest for all or part of any judgment which may be rendered against the United States. The third-party complaint grounds its claim for indemnification on the alleged disparity in the degree of fault attributable to the United States and Northwest characterizing this disparity as "primary/active" and "secondary/passive" negligence. It should be indicated at this point that the third-party complaint in seeking full or partial indemnity must be construed by this court as a claim for indemnity or contribution. Indemnity requires a full 100 per cent reimbursement and shifts the entire loss from one tort-feasor to the shoulders of another who should bear it instead. Therefore, a claim for partial indemnity is in reality a claim for contribution.

The third-party defendant Northwest, based on its payment of workmen's compensation benefits and the provisions of the Minnesota Workmen's Compensation law, has moved for summary judgment.

The issue before this court is whether the employer, Northwest, can be held liable to a third party for either indemnification or contribution in an action brought by its employee against the third party.

Under the Minnesota Workmen's Compensation law, which Northwest contends is applicable, an injured employee is barred from bringing any suit for damages against his employer but may sue a third-party tort-feasor, notwithstanding his receipt of workmen's compensation benefits from his employer. Section 176.061(10) of the Minnesota Statutes Annotated governs the issue of whether a third party sued by an employee is entitled to indemnity from the employer notwithstanding the "exclusive remedy" provision of the workmen's compensation statute. Section 176.-061(10) provides:

"Subd. 10. Employer not liable to third party. If an action as provided in this chapter prosecuted by the employee * * * against the third person, results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgments or settlements in absence of a written agreement to do so executed prior to the injury."

This section of the statute was enacted and became effective in 1969 and therefore governs this case. It is undisputed that there was no written indemnification agreement between the United States and Northwest. Thus, under the Minnesota Workmen's Compensation statute, the Government is not entitled to indemnification from Northwest.

Neither can an employer be held liable for contribution in this situation under the Minnesota Workmen's Compensation law. In Hendrickson v. Minnesota Power & Light Co., 258 Minn. 368, 104 N.W.2d 843, 849 (1960), the court held that:

" * * * the act does affect the right to contribution where the concurrent negligence of the employer and a third party causes injury to an employee. Since workmen's compensation statutes provide that the obligations thereunder are the only liability of the employer to the employee, or his representatives, there is no common liability involving the employer and third party in such situations; and, therefore, there is no grounds for allowing contribution."

See also Keefer v. Al Johnson Construction Co., 193 N.W.2d 305 (Minn.1971).

Therefore, application of Minnesota's law of workmen's compensation would compel this court to grant Northwest's motion for summary judgment.

In response to Northwest's motion for summary judgment, the United States asserts that the workmen's compensation

laws of the State of Wisconsin and not those of the State of Minnesota are to be applied by reason of 28 U.S.C. § 1346(b). The Federal Tort Claims Act, 28 U.S.C. § 1346(b), provides that the district court, having exclusive jurisdiction over actions brought under the statute, is to apply the "law of the place where the act or omission occurred." Thus, the United States contends that this court must look to the law of Wisconsin, including its conflict of laws principles. The United States asserts that under the Wisconsin principles of conflicts of law, this court must apply the Wisconsin workmen's compensation statute.

■ However, assuming without deciding that the Government's interpretation of 28 U.S.C. § 1346(b) is proper, under Wisconsin law before a conflicts of law problem is presented, it must appear that the ultimate selection of law will affect the outcome. The choice of law must be "outcome determinative." Hunker v. Royal Indemnity Co., 57 Wis. 2d 588, 597, 204 N.W.2d 897 (1973). Thus, if the outcome is the same under either the Minnesota or Wisconsin workmen's compensation laws, this court is presented with a "false conflict" and need not make a choice between either law. Henderson v. State Farm Mutual Automobile Ins. Co., 59 Wis.2d 451, 455, 208 N.W.2d 423 (1973).

An examination of the Wisconsin law governing workmen's compensation reveals that, as under the Minnesota law, a third party sued by an employee cannot recover indemnity or contribution from the plaintiff's employer. Section 102.03(2) of the Wisconsin Statutes provides:

"Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

The Wisconsin court has held on a number of occasions that in the absence of an *express* agreement for indemnification, the "exclusive remedy" provision of the statute bars any action for indemnity against a third party defendant-employer. Lampada v. State Sand & Gravel Co., 58 Wis.2d 315, 206 N.W.2d 138 (1973); Engel v. Bindel, 27 Wis.2d 456, 134 N.W.2d 404 (1964); Grede Foundries, Inc. v. Price Erecting Co., 38 Wis. 2d 502, 157 N.W.2d 559 (1968).

Nor can the United States retain Northwest in this action for purposes of contribution (partial indemnity) under Wisconsin law. The Wisconsin court has decided that a negligent third party who is held liable to an injured employee cannot require contribution from the employer even though the employer be negligent. This holding is based upon the proposition that the sole liability of the employer to the employee is his liability under the compensation act, and there is no common liability of the employer and the third party to the injured employee even though their concurring negligence caused the injury. Wisconsin Power & Light Co. v. Dean, 275 Wis. 236, 81 N.W.2d 486 (1956); Buggs v. Wolff, 201 Wis. 533, 230 N.W. 621 (1930).

An additional factor weighing against the Government is that its third-party complaint is couched in terms of active and passive negligence as the basis of its asserted indemnity claim, and the Wisconsin court has expressly rejected the distinction between "passive" and "active" negligence as a basis for indemnity between co-tort-feasors. Pachowitz v. Milwaukee & Surburban Transport Corp., 56 Wis.2d 383, 202 N.W.2d 268 (1972).

Therefore, even if the Wisconsin law is said to be applicable, the United States has presented this court with a false nonoutcome determinative conflict, and thus this court need not choose between the two arguably applicable workmen's compensation statutes.

Therefore, based on the foregoing reasons,

It is hereby ordered that the motion of the third-party defendant Northwest Orient Airlines, Inc., for summary judgment be and it hereby is granted.