Marguerite Ruth YASTE et al.,
Plaintiffs,

v.

AMERICAN MOTORS CORPORATION
et al., Defendants.

Civ. A. No. 74-C-184.

United States District Court,
E. D. Wisconsin.

July 8, 1975.

Donald E. Wertheimer, South Bend, Ind., for plaintiffs.

Donald H. Carlson, Milwaukee, Wis., for defendant American Motors Corp.

Bernard J. Hankin, Milwaukee, Wis., for defendants Michael Zizzo and Daniel M. Zizzo.

Phillip E. Crump, Milwaukee, Wis., for defendant Holger Pahl Construction Co., Inc.

Walter L. Merten, Milwaukee, Wis., for third-party defendants Steel Warehouse Company, Inc., and The Insurance Company of No. America.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiffs commenced a wrongful death action against American Motors Corporation ("A.M.C.") and three other defendants alleging that negligence on the part of all the defendants resulted in the death of Wilbur Austin Yaste. A. M.C. tendered the defense of this original action to Steel Warehouse Company, Inc. ("Steel"). When the tender was refused, A.M.C. commenced a third-party action against Steel and its insurer, the Insurance Company of North America, based upon an indemnity contract entered into by A.M.C. and Steel prior to the accident. The action is presently before this court on third-party defendants' motion to dismiss the third-party complaint. For the reasons stated herein, the motion is granted.

### I.

The basis of A.M.C.'s third-party complaint is the following indemnity agree-

ment contained in a purchase order dated May 5, 1972:

"8. INDEMNITY AND LIABILITY FOR INJURY (a) if you are required by the terms of this purchase order to perform any work on our premises, you agree that you shall have absolute and sole responsibility for any damages or injuries to persons or property, including our employees and property, caused directly or indirectly by you, your agents, or employees, and that you shall save harmless and indemnify us from and against any liability for such damages or injuries. (b) BEFORE commencing such work, you shall furnish us a certificate of insurance, showing that you carry adequate public liability and property damage insurance and Workmen's Compensation Insurance (or evidence of authority to self-insured). (c) You shall defend, indemnify and save us harmless from and against all suits, claims (including Workmen's Compensation claims), demands, damages and costs in connection with accidents resulting from the services performed hereunder. (d) No persons employed by you, or your subcontractors or vendors, in connection with the furnishing of the items and services ordered hereunder shall be held or construed to be our employees under the provisions of any local, state or Federal Workmen's Compensation or Unemployment Compensation Act or other law, regulation, ruling or order, and you shall save us harmless against all taxes, contributions or assessments imposed by such act, law, regulation, ruling or order upon the 'employer' with respect to persons employed by you, or your subcontractors and vendors, in the manufacture or furnishing of such items and services."

■ The question posed by the present motion is whether this indemni-ty contract imposes a legal duty upon the third-party defendants to defend and indemnify A.M.C. In construing indemnity contracts, Wisconsin law provides that where the damage results only from the negligence of the indemnitee (A.M.C.), and the indemnitee seeks recovery from the indemnitor (Steel), the indemnity contract must be strictly construed. Thus, unless the indemnity contract specifically and expressly provides that the indemnitor (Steel) is liable for the negligence of the indemnitee, the indemnitor will not be held responsible. *Mustas v. Inland Steel Construction, Inc.*, 19 Wis.2d 194, 120 N.W.2d 95, 121 N.W.2d 274 (1963); *Algrem v. Nolan*, 37 Wis.2d 70, 154 N.W.2d 217 (1967); *Young v. Anaconda American Brass Co.*, 43 Wis.2d 36, 168 N.W.2d 112 (1969).

## II.

■ In this action A.M.C. does not allege that Steel was negligent, nor do plaintiffs or any other party allege negligence on the part of Steel. The indemnity agreement, which is the sole basis of A.M.C.'s third-party complaint, does not specifically provide that Steel will indemnify A.M.C. against A.M.C.'s own negligence. Rather, it simply provides that Steel shall indemnify A.M.C. for damages or injuries " * * * caused directly or indirectly by *you* (Steel), your agents, or employees * * *."

Since A.M.C.'s exposure rests solely upon its own alleged negligence and not that of Steel, and because the indemnity contract does not expressly provide that Steel indemnify A.M.C. for A.M.C.'s negligence, Steel is not liable to A.M.C., and no basis exists upon which Steel or its insurer can be retained in this action.

For the foregoing reasons,

It is ordered that the motion of the third-party defendants to dismiss the third-party complaint be and it is hereby granted.