# CASES DETERMINED

## August Term, 1892.

---

TAGGART, Appellant, vs. WARNER and another, Respondents.

*August 31 — September 27, 1892.*

*Easements: Notice to purchaser of servient estate: Way of necessity.*

1. The mere existence of a wagon track across one tract of land from another tract to the highway is not notice to the purchaser of the tract so crossed that the owner of the other tract has a right of way to the highway.

2. A purchaser of land in good faith and for a valuable consideration, whose conveyance is duly recorded, will hold title against a parol agreement by which the owner of an adjoining tract has been given a right to pass over the land so purchased to a highway,— there being no way of necessity.

APPEAL from the Circuit Court for *Waupaca* County.

The defendant *James W. Warner* is the owner of the S. E. ¼, section 22, township 21, range 12 east, and herein designated as "A." The only public highway touching said lands runs in a northeasterly and southwesterly direction across the northwest corner thereof. Adjoining the S. E. ¼ of A, on the east, is the S. W. ¼ of the S. W. ¼ of section 23, and herein designated as "B," owned by the plaintiff, who brings this equitable action to establish a right of way by necessity across from his said land to the public highway at the northwest corner of A. The diagram on the following page shows, approximately, the situation.

Upon the trial it was found by the court that Nelson A. Walker owned both of said tracts of land May 1, 1861; that November 21, 1866, he conveyed A by warranty deed, without any reservation, to George W. Taggart, Jr., and the same was recorded December 19, 1866; that April 21, 1868, George W. Taggart, Jr., conveyed said A, by warranty deed, without any reservation, to J. G. Stray, and

the same was on the next day recorded; that April 8, 1875, said Stray and wife conveyed by warranty deed, without any reservation, said A to said *Warner*, and the same was recorded July 28, 1875; that July 11, 1883, said Walker conveyed, by warranty deed to White, said B; that December 7, 1869, said White and wife, by warranty deed, conveyed B to the plaintiff, *Robert F. Taggart*, and the same was recorded on that day; that the only public highway touching any part of either of said tracts of land is the one

mentioned, and that does not touch B at all; that, at the time of the conveyance of A to *Warner*, he had no knowledge or information as to any right to cross said A or any part thereof; that since 1882 *Warner* has objected to the plaintiff crossing the same, and in 1889 prevented him from doing so; that the plaintiff can obtain access to B from the public highway, without crossing A; that an outlet from said B to the public highway, directly north therefrom, can be easily obtained, which will not exceed the distance of from 80 to 120 rods, and which would be as convenient to the plaintiff as to cross said A; that a way out from said B can also be obtained by going directly south therefrom, which would not exceed the distance of one half mile; that there is no necessity for a way to said B through and across said A, and that no way by necessity exists. And, as conclusions of law, the court finds that the preliminary injunction granted therein should be dissolved, and that judgment should be entered in favor of the defendants. From the judgment entered accordingly the plaintiff appeals.

For the appellant there was a brief by *M. B. Patchin*, attorney, and *Gary & Forward*, of counsel, and oral argument by *C. H. Forward*. They contended that there was a way of necessity. *Brigham v. Smith*, 4 Gray, 297–8; *Collins v. Prentice*, 15 Conn. 39; *Galloway v. Bonesteel*, 65 Wis. 79, 83–4; *Dillman v. Hoffman*, 38 id. 559, 572; *Jarstadt v. Smith*, 51 id. 96, 98; *Johnson v. Borson*, 77 id. 593; *Benedict v. Barling*, 79 id. 551. The trial court erred in assuming that no way of necessity existed if it was physically possible to get out any other way. It is undisputed that no other lands adjoining that of the plaintiff, accessible to any highway, were ever owned by any person connected with the title of the lands of the plaintiff or defendant. If plaintiff can only get out to the north or south by committing a trespass, to cross in that way is a legal impossibility.

For the respondents there was a brief by *Cate, Jones &*

Taggart vs. Warner and another.

*Sanborn*, and oral argument by *G. W. Cate*. They argued, *inter alia*, that to establish the reservation of a right of way by implication, the necessity must be absolute, and the circumstances raising such implication must be apparent or brought to the attention of the purchaser. 2 Wait's Act. & Def. 674–676; *Suffield v. Brown*, 4 De G., J. & S. 185; *Lampman v. Milks*, 21 N. Y. 505; *Symmes v. Drew*, 21 Pick. 278; 2 Washburn, Real Prop. 306; Broom's Legal Maxims, 480; *Mabie v. Matteson*, 17 Wis. 9; *Dillman v. Hoffman*, 38 id. 559; *Worthington v. Gimson*, 2 El. & El. 618, 627; *Galloway v. Bonesteel*, 65 Wis. 79.

CASSODAY, J.   May 1, 1861, Walker obtained title by warranty deed, without any reservation therein, from G. W. Taggart, Sr., father of the plaintiff, of both pieces of land designated in the foregoing statement, respectively, as "A" and "B;" and continued to hold the same until he conveyed A by warranty deed to George W. Taggart, Jr., November 11, 1866. April 1, 1868, and while Walker was still the owner of B, George W. Taggart, Jr., by warranty deed, without any reservation therein, conveyed A to Stray, and took back from him a writing, without any seal, witness, or acknowledgment, reciting such purchase and in effect guarantying "to him a free passage across said" A to B. April 8, 1875, Stray and wife, by warranty deed without any reservation therein, conveyed A to the defendant *Warner*. It is undisputed that *Warner* had no knowledge or information respecting any such written guaranty until years after he had obtained his deed.

It is expressly conceded that such written guaranty cannot be regarded as an agreement running with the land and binding upon the defendants. The extent of the contention seems to be that it tends to prove the existence of such free passage prior to *Warner's* purchase, and that he made such purchase with notice of its existence, and hence

took his title subject to such free passage as a way of necessity to the owner of B. But the mere existence of a track from B across A to the public highway gave to the owner of B no legal or equitable right to such continued free passage, much less can it be regarded as notice to *Warner*, as such purchaser, of any such outstanding right. Besides, it is undisputed that, at the time *Warner* purchased, Stray told him, in effect, that the plaintiff had been in the habit of crossing his land on that track, but that he had no right to go across there at all. *Warner* was a *bona fide* purchaser for value, and took title from Stray by warranty deed without reservation, which was duly recorded; and hence, under the statute (sec. 2241, R. S.), could hold title, even against a prior unrecorded conveyance, and much more as against some vague parol understanding or user of the character here indicated. Besides, the findings mentioned in the foregoing statement are sustained by the evidence, and they preclude any right of way of necessity in the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.