DEPNER and another, Respondents, vs. UNITED STATES NATIONAL BANK and another, Appellants.

*September 16—November 11, 1930.*

406

For the appellants there were briefs by *Robert V. Baker,* and oral argument by *Mr. Baker* and *Robert V. Baker, Jr.,* both of Kenosha.

For the respondents there was a brief by *Whaley & Paulsen* of Racine, and oral argument by *Martin R. Paulsen* and *Vilas H. Whaley.*

FAIRCHILD, J.   Respondents assert they have acquired an easement of light and air over the premises west of the hotel, but make no claim of an implied covenant for quiet enjoyment.   They rest entirely on their claim to an express grant of an easement to the light and air over the premises on the west side of the hotel building.

Easements of light and air over adjacent premises are not favored.   *Miller v. Hoeschler,* 126 Wis. 263, 105 N. W. 790.   The accepted doctrine is that they are not created or acquired by prescription.   It seems plain that such an easement cannot exist by "implication from necessity" in favor of a lessee over adjoining property of a lessor where the lessor has expressly reserved the remaining property.   In *Miller v. Hoeschler, supra,* it was said:

"We cannot avoid the conclusion that, even if in some extreme cases there must be any easement other than right of way implied from necessity, that necessity must be so clear and absolute that without the easement the grantee cannot in any reasonable sense be said to have acquired that which is expressly granted; such indeed as to render inconceivable that the parties could have dealt in the matter without both intending that the easement be conferred."

The respondents' use of the hotel was limited by the erection of the office building on lots (5) and (6), but under the agreement and in view of existing conditions this was probable and to be anticipated; if they did not intend to run the risk of its materializing they could and should have guarded their interests by requiring provisions against it in the lease. This might of course have resulted in a change of terms as to the amount of rent, and other considerations might have entered the negotiations, but both parties would have been advised and protected. They entered into the lease which bound them to use the premises for hotel purposes and left full control of the adjoining property in the lessor. The tendency of our cases is to this effect, and again we quote from *Miller v. Hoeschler, supra:*

"Such strict limitation we believe to be in accord with the popular conception upon which real estate has been and is daily being conveyed in Wisconsin and to be essential to easy and rapid development at least of our municipalities."

In *Fischer v. Laack,* 76 Wis. 313, at p. 319, 45 N. W. 104, it was said no easement could arise save by grant or prescription, or, in the case of a right of way, by necessity, and a very strict meaning was adopted in considering the necessity even of a right of way; and with reference to that rule it was said in *Miller v. Hoeschler,* 126 Wis. 263, 105 N. W. 790, that, "with exception of that particular type [necessary rights of way], however, we find no instance where any other easement has been held implied in this state, but, on the contrary, denial of such rights."

The intention of the parties must be determined by fair interpretation of the language used. The words "Hotel Kenosha and appurtenances located at 213 and 215 Park street, but not including the vacant premises adjoining on the west," leave little if any room for interpretation or construction. The situation of this vacant property in the

heart of a down-town district in a busy and growing city made it of great value as a building site, and under the circumstances present in this case the parties ought to have foreseen that this property would be used to its limit and that any arrangement which would bind the owners to refrain from so using these premises would call for additional rentals. To keep such valuable property vacant, or even a portion of it, for seven years merely to afford to a few rooms in the hotel light and air without any additional payment to the owner for such sacrifice, is not consistent with good business management and not to be expected.

The word "appurtenances" applies to the premises leased, but were we not to so limit its application, still we are not warranted in subtracting the plain meaning from the words "but not including the vacant premises adjoining on the west." No words need to be used to withhold an easement of light and air, but to create one words must be employed which clearly show the intention to give such an easement. There is not only an absence of a grant in the instrument under consideration but what amounts to a specific denial of it.

Respondents urge that the lease should be construed favorably to respondents because drawn by the appellants. The language of the contract must be understood to mean what it has clearly expressed. Elements and incidents cannot be included or excluded merely because they might be to the advantage of one or the other of the parties thereto. We cannot depart from the plain meaning of the language which is free from ambiguity.

Respondents call our attention to a number of cases where wrongful interference with the possession of a tenant gave rise to a cause of action. These cases differ from the one before us in that they dealt with interferences with rights clearly granted and which must have been in contemplation

of the parties at the time of the making of the leases. There is no dispute as to the amount of rent which accrued while the respondents continued in the premises, and no dispute as to the amount due under the note set up in the counter-claims of appellants. The appellants were entitled to a dismissal of the respondents' complaint and to judgment against the plaintiffs upon the second and third counterclaims.

*By the Court.*—The order of the circuit court is reversed, with directions to enter judgment in favor of the appellants upon their second and third counterclaims, and to dismiss the respondents' complaint.