TARMAN, Appellant, vs. BIRCHBAUER, Respondent.

*March 8—April 5, 1950.*

*M. W. Hillis* of Milwaukee, for the appellant.
*Harry V. Meissner* of Milwaukee, for the respondent.

4

BROADFOOT, J. The question to be determined upon this appeal is whether the summary judgment should have been entered. The appellant contends that the pleadings and the affidavits in support of and in opposition to the motion for summary judgment are in direct conflict and present substantial triable issues of fact. The appellant advances three theories, any one of which he claims entitles him to the relief prayed for in the complaint: (1) The Gartzkes were the owners of both properties at the time they executed the mortgage to the Security Loan & Building Association; the words "appurtenances and hereditaments" included not only the land but the building, and the walk in controversy was one of the appurtenances; (2) an implied grant of an easement to use the walk was created by severance of the entire property owned by the Gartzkes; (3) an easement to use the walk was created by prescription.

As to theory (1), the complaint contains the following allegations: That the Gartzkes obtained a building permit to construct the building now owned by plaintiff on November 2, 1925; the date of the mortgage was November 10, 1925; that within several months after November 2, 1925, the building was completed; that from the year 1926 and up until the date that defendant acquired her property, the walk was continuously and notoriously used in connection with the plaintiff's property. It is apparent from the above that neither the building nor the walk was in existence when the mortgage to the Security Loan & Building Association was executed. The walk, when constructed, was located upon land not described in the mortgage. The appellant has not by his pleadings or his affidavits sustained his first theory.

Appellant relies mainly upon his theory of an implied easement. He supports his contentions by citing numerous authorities from jurisdictions other than Wisconsin. Some states do recognize this theory, but Wisconsin has always followed the strict rule as to easements. Here it is held that

easements in the land of another, with the exception of rights of way by necessity, can only be created by grant or prescription. *Fischer v. Laack,* 76 Wis. 313, 45 N. W. 104; *Miller v. Hoeschler,* 126 Wis. 263, 105 N. W. 790; *Depner v. United States Nat. Bank,* 202 Wis. 405, 232 N. W. 851; *Frank C. Schilling Co. v. Detry,* 203 Wis. 109, 233 N. W. 635. No necessity was established, as there are entrances and exits to and from the building, both front and rear. This leaves only the theory of an easement by prescription.

The hostile and adverse character of user necessary to establish an easement by prescription is, in general, the same as that which is necessary to establish title by adverse possession. Evidence of adverse user must be positive and every reasonable presumption must be made in favor of the true owner against the adverse claimant. *Lindokken v. Paulson,* 224 Wis. 470, 272 N. W. 453. The complaint itself falls short of alleging adverse user. The appellant filed several affidavits stating that the affiants had used the walk in various ways and had seen others so use the walk. Most of them were tenants, employees, or customers of Gartzke. Others were tenants of Security Loan & Building Association. The longest period covered in any one affidavit was twelve years, seven of which were while Gartzke owned both properties. None of the affidavits stated that the use of the walk was adverse except that appellant in his affidavit states generally that the use was not permissive. Where two tracts of land are owned by one person, the use of one in connection with the other is referable to his ownership and no easement can arise therefrom. *Miller v. Hoeschler, supra.*

Under the above rule the statute could not commence to run until 1937, when defendant acquired her title. Thus, even though the use thereafter was adverse no easement has been established by prescription. The complaint further states that the defendant permitted Security Savings & Loan Association, its tenants, plaintiff and his tenants, and others to

use said walk from the time she acquired her property until the month of March, 1949. An easement by prescription cannot be based upon permissive use.

An analysis of the pleadings and affidavits shows that no triable issue remains, and the trial court properly entered an order for summary judgment.

*By the Court.*—Judgment affirmed.