BULLIS and wife, Respondents, v. SCHMIDT and wife, Appellants.

*November 3—December 2, 1958.*

458

For the appellants there was a brief by *Ebert, Kuswa & Ebert,* attorneys, and *Lawrence Jay Ebert* of counsel, all of Milwaukee, and oral argument by *Lawrence Jay Ebert.*

For the respondents there was a brief and oral argument by *Robert B. Ells* of Milwaukee.

CURRIE, J.   The plaintiffs ground their cause of action for breach of the covenant against incumbrances upon the alleged existence of an implied easement, to maintain the underground sewer and water pipes across the plaintiffs' premises, which easement runs for the benefit of the adjoining property to the east.

The subject of implied easements is well discussed in 2 American Law of Property, pp. 255–263, secs. 8.31–8.43; 1 Thompson, Real Property (perm. ed.), pp. 630–674, secs. 390–411; and Anno. 58 A. L. R. 824. The last-mentioned annotation is limited specifically to implied easements with respect to drains, pipes, and sewers. The law of implied easements, accepted in a majority of the states, is based upon the assumed intention of the parties at the time of the severance of the quasi-dominant and quasi-servient parcels formerly subject to common ownership. The facts necessary to be present in order to have such an implied easement come into being are stated in 1 Thompson, Real Property (perm. ed.), p. 630, sec. 390, to be as follows:

"An easement may be created by implication as well as by express grant. However, to create an easement in this manner over the property of another, there must have been a separation of title, and a use before separation took place

which continued so long and was so obvious or manifest as to show that it was meant to be permanent, and it must appear that the easement is necessary to the beneficial enjoyment of the land granted or retained."

Thompson also points out that where the quasi-dominant parcel is first conveyed by the common owner any resulting implied easement is one created by grant, while, if the quasi-servient tenement is first conveyed, such resulting implied easement is one created by reservation. Ibid., p. 633, sec. 391. In some of those states which have adopted the majority rule as to implied easements, more-relaxed standards have been applied to those created by grant as distinguished from those created by reservation. This is because a grantee may take the language of his deed most strongly in his favor while a grantor cannot derogate from his own grant. *Wells v. Garbutt* (1892), 132 N. Y. 430, 30 N. E. 978. Because in the instant case the defendants conveyed away the quasi-dominant tenement first, we are here concerned with an alleged implied easement created by grant and not by reservation.

However, Wisconsin has firmly and repeatedly rejected the majority rule of implied easements. *Tarman v. Birchbauer* (1950), 257 Wis. 1, 42 N. W. (2d) 158; 34 Marquette Law Review, 123.

In the *Tarman Case* (p. 5), this court declared that "easements in the land of another, with the exception of rights of way by necessity, can only be created by grant or prescription." We are inclined to the view that the statement, that the only implied easements recognized in this state are rights of way by necessity, may be too narrow an interpretation of the position previously taken by this court in view of the cases of *Miller v. Hoeschler* (1905), 126 Wis. 263, 105 N. W. 790, 8 L. R. A. (N. S.) 327, and *Christensen v. Mann* (1925), 187 Wis. 567, 204 N. W. 499.

In *Miller v. Hoeschler, supra,* this court stated (p. 270) :

"We cannot avoid the conclusion that, even if in some extreme cases there must be any easement other than right of way implied from necessity, that necessity must be so clear and absolute that without the easement the grantee cannot in any reasonable sense be said to have acquired that which is expressly granted; such indeed as to render inconceivable that the parties could have dealt in the matter without both intending that the easement be conferred."

An implied easement, other than one for right of way, was recognized in *Christensen v. Mann, supra,* in the following language of the opinion (p. 593) :

". . . where an owner of a tract of land with a building thereon sells part of the land on which the building stands, retaining ownership of the balance of the land extending to the building, or where either party subsequently sells his interest, the right of lateral support not only of the land but also of the building arises in law, by implication, from necessity."

We deem the above-quoted extract from the opinion in *Miller v. Hoeschler, supra,* clearly points out the test that must be applied, in determining whether any easements other than rights of way by necessity, may be created by grant in Wisconsin by implication. Such test is that necessity must be so clear and absolute that without the easement the grantee cannot enjoy the use of the property granted to him for the purposes to which similar property is customarily devoted. We would place the necessity of connecting onto city water and sewer mains in an urban community such as the city of Milwaukee in this category.

The fact, that for an expenditure of $490 it was possible for the Sellenheim property constituting the quasi-dominant tenement to connect onto the water mains underlying Capitol drive without the necessity of any pipes crossing plaintiffs'

land, conclusively establishes that the test of necessity had not been met in order to have an implied easement over the plaintiffs' property. Under the majority rule of implied easements by grant the requirement of necessity is rather elastic and is met if the continued use of existing pipes, sewers, or drains across the quasi-servient estate is reasonably necessary or convenient. 2 American Law of Property, p. 263, sec. 8.43; 1 Thompson, Real Property (perm. ed.), p. 663, sec. 406; and Anno. 58 A. L. R. 824, 829. However, this is not the test of necessity laid down in *Miller v. Hoeschler, supra,* quoted above. Under the more-liberal majority rule our court would have likely reached the opposite result in *Tarman v. Birchbauer, supra,* and held that the continued use of the sidewalk was reasonably necessary or convenient for occupiers of the quasi-dominant tenement.

We consider that the past decisions of this court with respect to implied easements constitute a rule of property which requires us to adhere to them under the principle of *stare decisis.*

Even some courts which have adopted the majority rule of implied easements hold that no implied easement is created where the quasi-dominant parcel, by the expenditure of a reasonable sum, can secure the enjoyment of the same use or privilege as would be provided by imposition of an easement upon the quasi-servient land. *Dolliff v. Boston & Maine R.* (1878), 68 Me. 173 (underground drain where it was possible by an expenditure of not to exceed $175 for the owner of the quasi-dominant parcel to run such drain into an abutting street); *Oldfield v. Smith* (1939), 304 Mass. 590, 24 N. E. (2d) 544 (underground water pipes which could be relocated in such a manner as not to cross the quasi-servient land); and *Wreggitt v. Porterfield* (1950), 36 Wash. (2d) 638, 219 Pac. (2d) 589 (a case of alleged implied easement by reservation rather than by grant of a right

to maintain a sewer in which the court found a similar privilege could be secured with reasonable trouble and expense). A case contra is *Wiesel v. Smira* (1928), 49 R. I. 246, 142 Atl. 148, 58 A. L. R. 838.

We, therefore, conclude that no implied easement existed for the maintenance of the sewer and water pipes across the plaintiffs' land in the instant case. Without such an easement, the defendants' covenant against incumbrances was not breached. The fact that the existence of the pipes caused expense to the plaintiffs in removing such pipes does not make the same an incumbrance. We express no opinion as to whether the plaintiffs were under a duty to give reasonable notice to Sellenheim, the owner of the quasi-dominant tenement, of the proposed severance of such pipes. If such duty did exist it arose under principles of tort law unrelated to covenants against incumbrances.

The brief of appellant defendants raises other issues which we find it unnecessary to pass upon.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

BROWN, J., took no part.