# R. Scott McCormick, Robert L. McCormick and Shane McCormick, Plaintiffs-Respondents,

v.

# Richard A. Schubring, Defendant-Appellant.

Supreme Court

*No. 02–1004. Oral argument September 11, 2003.—*
*Decided November 26, 2003.*

(On certification from the court of appeals.)

## 2003 WI 149

(Also reported in 672 N.W.2d 63.)

For the defendant-appellant there were briefs (in the court of appeals) by *John H. Priebe* and *Priebe Law Offices,* Rhinelander, and *John J. Hogan* and *Hogan & Melms LLP,* Rhinelander, and oral argument by *John J. Hogan.*

For the plaintiffs-respondents there was a brief (in the court of appeals) by *John B. Rhode* and *Sommer, Olk, Schroeder & Payant,* Antigo, and oral argument by *John B. Rhode.*

¶ 1. PATIENCE D. ROGGENSACK, J. Richard A. Schubring appeals a Langlade County Circuit Court judgment that granted R. Scott McCormick, Robert McCormick and Shane McCormick (the "McCormicks") an easement of necessity across Schubring's land. This case is before us on certification of two questions:

> (1) Whether, when the elements required for an easement of necessity are established, the easement arises by operation of law or whether its creation is subject to the discretion of the circuit court; and

> (2) Whether an easement of necessity may be afforded to a grantor of real estate who formerly had access to a public way, but after the severance of a portion of his property retains a landlocked parcel.

We also answer a third question: If the easement is a matter of discretion, whether the circuit court erroneously exercised its discretion when it granted the McCormicks an easement of necessity.

¶ 2. We conclude that an easement of necessity generally does not arise as a matter of law, but rather, through the exercise of a circuit court's discretion. We

also conclude that one who stands in the shoes of a grantor who formerly had access to a public highway but after the severance of a portion of his land retained a landlocked parcel, may obtain an easement of necessity. And finally, the circuit court did not erroneously exercise its discretion in granting the McCormicks the easement. Accordingly, we affirm the judgment.

## I. BACKGROUND

¶ 3. At one time, Merritt Olk owned three contiguous 40–acre parcels of undeveloped land in Langlade County. In 1946, Langlade County took the eastern most 40–acre parcel by tax deed. As the 40 acres the county took provided the only highway access, Olk's remaining 80 acres became landlocked. However, a dirt and gravel road cuts diagonally through the 40–acre parcel and connects the landlocked parcel to a public road. Olk used this road for access to the 80–acre parcel both before and after it became landlocked.

¶ 4. In 1955, George Gresch purchased the 40–acre parcel from the county, and in 1983, he sold it to Richard Schubring. Prior to his purchase, Schubring did not see the dirt road. He inquired "by word of mouth" and tried, unsuccessfully, to find public records relating to the property. He concluded that the 40–acre parcel was not subject to an easement.

¶ 5. In 1996, the McCormicks purchased the remaining 80 acres from the testamentary beneficiaries of Olk. The McCormicks use the property for hunting. Prior to purchase, they were aware of and had used the dirt road across Schubring's property for ingress and egress. After purchase, with Schubring's permission, the McCormicks used the road to remove timber from their land. Schubring requested that they leave the

146

road in as good a condition as they found it. The McCormicks did so, spending $2,000 to $3,000 to make repairs and improvements to the road.

¶ 6. Schubring's property is presently maintained under a Wisconsin managed forest program that requires public foot access across the entire parcel, including the dirt and gravel road. *See* Wis. Stat. § 77.83(2)(a) (2001–02). Although the McCormicks initially used the road for vehicle access, Schubring now has prevented them from doing so, and when Schubring decides to remove his land from the forest management program, foot access could be extinguished as well. The McCormicks tried to negotiate the purchase of an easement from Schubring, but were unsuccessful. They then filed this lawsuit, wherein the circuit court granted them an easement of necessity; Schubring appealed and the court of appeals certified the above-referenced questions to us.

## II. DISCUSSION

A. Standard of Review

¶ 7. Whether an easement of necessity arises as a matter of law or may be left to the discretion of the circuit court, and whether one who is landlocked but stands in the shoes of a grantor may obtain an easement of necessity are questions of law that we decide de novo. *See State v. Byrge,* 2000 WI 101, ¶ 32, 237 Wis. 2d 197, 614 N.W.2d 477. We review a circuit court's exercise of discretion to determine whether the exercise was erroneous. *City of Brookfield v. Milwaukee Metro. Sewerage Dist.,* 171 Wis. 2d 400, 423, 491 N.W.2d 484 (1992).

147

## B. Easement of Necessity Principles

¶ 8. An easement is an interest that encumbers the land of another. *See Ludke v. Egan,* 87 Wis. 2d 221, 227, 274 N.W.2d 641 (1979). It is a "liberty, privilege, or advantage in lands, without profit, and existing distinct from the ownership of the land." *Schwab v. Timmons,* 224 Wis. 2d 27, 35–36, 589 N.W.2d 1 (1999) (citation omitted). The creation of an easement gives rise to two distinct property interests: the dominant estate, that has the right to use the land of another, and the servient estate, that permits the exercise of that use. *Id.* at 36.

¶ 9. Easements may be provided by express grant of the owner of the servient estate or through court action when there is a dispute about the rights of each party. *See Baurer v. Sokoloff,* 254 Wis. 273, 276, 36 N.W.2d 61 (1949). An easement of necessity, the type of easement at issue here, is often sought when an owner of landlocked property wants public highway access and has been unable to obtain it from an adjoining landowner. *See Ludke,* 87 Wis. 2d at 226.

¶ 10. When deciding on a claim for an easement of necessity, courts employ land use principles similar to those employed in interpretations of conveyances of land. 28A C.J.S. *Easements* § 91 (1996). Therefore, interpretations relating to land that render any property useless are disfavored. *See Sampson Invs. v. Jondex Corp.,* 176 Wis. 2d 55, 62, 499 N.W.2d 177 (1993) (concluding that " '[a]lienations of land are, or ought to be, grave and deliberate transactions' " (quoting *Frank C. Schilling Co. v. Detry,* 203 Wis. 109, 116, 233 N.W. 635 (1930)). One treatise has explained that:

148

[a] conveyance that would otherwise deprive the land conveyed to the grantee, or land retained by the grantor, of rights necessary to reasonable enjoyment of · the land implies the creation of a servitude granting or reserving such rights, unless the language or circumstances of the conveyance clearly indicate that the parties intended to deprive the property of those rights.

Restatement (Third) of Prop.: Creation of Servitudes § 2.15 (2000). Those rights "necessary to reasonable enjoyment of the land" generally have included foot and vehicular access, although access for utilities is becoming increasingly common. *Id.* at cmt. a; *see also Richards v. Land Star Group, Inc.,* 224 Wis. 2d 829, 838–39, 593 N.W.2d 103 (Ct. App. 1999).

C. First Certified Question

■

¶ 11. In Wisconsin, an easement of necessity may arise in favor of a property owner if he can prove the following required elements: (1) common ownership of the proposed servient and dominant estates at the time of the severance that created the landlocked condition; and (2) the landlocked parcel had no access to a public roadway after it was severed and such lack of access continues. *Schwab,* 224 Wis. 2d at 38; *see also* Jon W. Bruce and James W. Ely, Jr., *The Law of Easements and Licenses in Land* § 4:6 (2001). However, while the elements set out above are required preliminarily before an easement of necessity may arise, they may not be sufficient to support an easement of necessity in every case.

¶ 12. We have not been asked previously to address whether an easement of necessity arises as a matter of law or whether its creation is subject to

judicial discretion. There appears to be some dispute in other courts about this question. *See Richards,* 224 Wis. 2d at 852 (Hoover, J., concurring). Therefore, we review relevant precedent to determine if our opinions require clarification.

¶ 13. In *Bino v. City of Hurley,* 14 Wis. 2d 101, 105–06, 109 N.W.2d 544 (1961), we explained that when a landowner severs a parcel of real estate that has no access to a public highway, an easement to permit ingress and egress from the landlocked parcel "would be implied to have passed to the grantee . . . because such right of way was one of necessity" (citing *Sicchio v. Alvey,* 10 Wis. 2d 528, 538, 103 N.W.2d 544 (1960), and *Bullis v. Schmidt,* 5 Wis. 2d 457, 461, 93 N.W.2d 476 (1958)). Additionally, in *Ludke,* where we reviewed a circuit court's decision to grant an easement of necessity to a landlocked grantee, we reasoned that a way of necessity was properly granted because "[a] way is implied over the land retained by the grantor, [when the grantee has no other highway access over his own land]." *Ludke,* 87 Wis. 2d at 230. As we explained, "The Ludke property was originally part of the Micke farm and when it was sold as a landlocked parcel of real estate, a way of necessity thereby came into being." *Id.* at 231. And most recently, we explained that where the factual predicate required for an easement of necessity has been proved, "an easement by necessity will be implied over the land retained by the grantor." *Schwab,* 224 Wis. 2d at 38.

¶ 14. In each case cited above, we appear to have concluded, as a matter of law, that a grantor who severs property that has no other access to a public highway except through the grantor's property is deemed to have transferred an easement of necessity for ingress and

egress to the property of the landlocked grantee. However, we also note that the judicial creation of an easement is inherently equitable in nature. *Richards,* 224 Wis. 2d at 848.[1] Equitable decisions are generally discretionary. *See Wynhoff v. Vogt,* 2000 WI App 57, ¶ 13, 233 Wis. 2d 673, 608 N.W.2d 400. Notwithstanding that maxim, when the exercise of discretion will permit only one outcome under the legal standard that must be applied to the facts found, the question about whether to grant the easement becomes one of law. *See Vocational, Technical & Adult Educ., Dist. 13 v. DILHR,* 76 Wis. 2d 230, 240, 251 N.W.2d 41 (1977). Therefore, although the easements reviewed in *Bino* and *Ludke* appear to arise without the exercise of circuit court discretion, they are also consistent with discretionary decision-making.

¶ 15. Accordingly, our decisions in regard to easements of necessity should not be read to imply that an easement of necessity always arises as a matter of law whenever the two required elements are proved because the equities that drive the creation and the scope of an easement may vary, requiring the circuit court to weigh the burdens and benefits the easement would create. For example, when the landlocked party is the grantor, his participation in causing the landlocked condition may be assessed. "[T]he petitioners' current ownership of landlocked property resulted not from a grant of property to them but by their own acts in conveying away their highway access." *Schwab,* 224

---

[1] *See also* Restatement (Third) of Prop.: Creation of Servitudes § 2.15 (2000); Michael J. Geraghty, *Equitable Remedies in Property Disputes: A Primer on Partition, Quieting Title and Enjoining Nuisances,* 204 N.J. Law. 28 (Aug. 2000).

Wis. 2d at 40. The location of the requested easement is also a factor courts consider. As we explained in *Schwab,* we have never granted a way of necessity across the properties of unrelated third parties who had no common ownership when the petitioner's landlocked parcel was created, which was the relief requested by the Schwabs. *Id.* at 40–41.

¶ 16. Furthermore, a bona fide purchaser in the chain of title of a grantor who created a landlocked parcel may have a defense to an easement of necessity if he can show he had no knowledge or notice, actual or constructive, of either the way of access maintained across his property or the landlocked condition of the severed parcel. *See Ludke,* 87 Wis. 2d at 229 (citing *Schmidt v. Hilty-Forster Lumber Co.,* 239 Wis. 514, 1 N.W.2d 154 (1942), and *Taggart v. Warner,* 83 Wis. 1, 53 N.W. 33 (1892)); *see also Backhausen v. Mayer,* 204 Wis. 286, 290–91, 234 N.W. 904 (1931).[2] Therefore, the combination of factors presented by each case may require a circuit court to weigh and balance them before arriving at a decision. *Richards,* 224 Wis. 2d at 848–49. This shows the exercise of discretion in a typical fashion. *Id.* Accordingly, we review the circuit court's decision to determine whether it properly exercised its discretion. *City of Brookfield,* 171 Wis. 2d at 423.

---

[2] Although Schubring did say he did not know of the easement and had not seen the roadway prior to his purchase, he did not raise the defense of a bona fide purchaser without knowledge or notice in the circuit court or before us. Therefore, we do not address that defense further.

152

## D. Second Certified Question

■

¶ 17. Schubring argues that *Schwab* sets forth the law of easements of necessity in this state for a grantor whose severance of the property caused the landlocked condition to occur. He contends that *Schwab* directs that only grantees of landlocked property are eligible for easements. The McCormicks, on the other hand, rely on the court of appeals decision in *Richards,* where the court initially determined whether the required elements of an easement of necessity were met and then balanced the burdens and benefits to each party to determine whether an easement should be granted and, if so, its scope. *Richards,* 224 Wis. 2d at 848.

■

¶ 18. We are not persuaded that *Schwab* is dispositive of the issues presented by the controversy before us because the Schwabs failed to establish the preliminary elements that are always required for an easement of necessity. They did not prove common ownership of their parcel at the time their parcel became landlocked with the parcels over which they sought an easement. *Schwab,* 224 Wis. 2d at 40. Instead, they requested an easement over lands held by third parties who were not successors in title from one who was a common grantor when the Schwabs' landlocked condition arose. *Id.* at 40–41. As we explained, "[I]t would be contrary to this state's policy against encumbrances for this court to award an easement to the petitioners over parcels of unrelated third parties . . . ." *Id.* Therefore, we did not decide whether an easement of necessity could be afforded to a grantor who was landlocked and had proved all the preliminary

153

elements required. Accordingly, our statement in *Schwab* that, "An easement by necessity only exists where an owner sells a *landlocked* parcel to another, in which case the law will recognize a way of necessity in the *grantee* over the land retained by the *grantor*," *Schwab*, 224 Wis. 2d at 40 (emphasis in the original), should be read to further explain that an easement of necessity may traverse property that is or was held by the grantor who created the landlocked condition, but cannot traverse property of an unrelated third party. And, it should not be read to conclude that only a grantee may obtain an easement of necessity for land-locked property. This explanation is also in accord with legal treatises that have concluded that both grantees and grantors may seek an easement of necessity, Restatement (Third) of Prop.: Creation of Servitudes § 2.15, and the long-standing public policy of this state that favors utilization of land. *Dillman v. Hoffman,* 38 Wis. 559, 574 (1875).[3]

## E. Third Question

■■■

¶ 19. Here, in contrast to the Schwabs, the Mc-Cormicks have established all the preliminary elements necessary to their claim for relief. First, Olk owned both the parcel now owned by Schubring (the proposed servient estate) and the parcel owned by the McCor-micks (the proposed dominant estate) when the McCor-

---

[3] Easements of necessity are "supported by a public policy favoring the full and productive utilization of land." Hunter C. Carroll, *Property—Easements by Necessity: What Level of Necessity is Required?,* 19 Am. J. Trial Advoc. 475 (Fall 1995); *See also* 28A C.J.S. *Easements* § 91 (1996) ("land should not be landlocked and rendered useless").

micks' parcel became landlocked. Second, the McCormicks' parcel continues to have no access to a public highway.

¶ 20. We now turn to the additional relevant facts considered by the circuit court as it exercised its discretion. In favor of the McCormicks' claim, the court considered that: (1) extremely limited use can be made of the landlocked property without the requested vehicular access; (2) this is very wild land, used by both parties solely for hunting; (3) while the McCormicks stand in the shoes of a grantor, the creation of the landlocked circumstances was due to Langlade County's seizure of Olk's property for delinquent taxes, not to a voluntary act of the grantor;[4] (4) after the direct access to a highway was taken by the county, Olk continued to reach the landlocked parcel by using the dirt road through the 40 acres now owned by Schubring; (5) when the county sold the 40–acre parcel to Gresch, Olk continued to use the dirt road for access; and (6) when the McCormicks purchased the property from Olk, they knew of the road and used it to access the property, even improving the road with Schubring's consent.[5] In Schubring's favor, the court considered that: (1) when

---

[4] In this regard, the McCormicks' claim is distinguishable from grantors who knowingly convey the part of their properties that includes highway access, as occurred in *Rock Lake Estates Unit Owners Ass'n v. Township of Lake Mills,* 195 Wis. 2d 348, 373, 536 N.W.2d 415 (Ct. App. 1995), and in *Schwab v. Timmons,* 224 Wis. 2d 27, 589 N.W.2d 1 (1999). Here, Olk, the common grantor, did not have the opportunity to reserve access for the parcel now owned by the McCormicks.

[5] There is no claim here, nor could there be, that Olk's and the McCormicks' continued use of the road establishes an easement by prescription. Since their use of the road was with Schubring's (and the prior owners') permission, the elements

the McCormicks bought the property, they knew they had no legally enforceable right to use the road and that without permission to use it, the parcel they were buying would be landlocked; (2) before Schubring purchased the property, he did not see the dirt road;[6] (3) he checked for an easement "by word of mouth," and by asking the town and county clerks if they had documents pertaining to the property. He found no documents, and no one with whom he spoke told him the property was subject to an easement; (4) he was concerned that if he chose to construct a building on the property, he would be unable to do so because the land is most suitable for building in the area of the road; and (5) his property is less valuable with a legally enforceable easement across it.

¶ 21. The circuit court then balanced the benefits and burdens created by those facts. It noted that while the McCormicks presently have pedestrian access across Schubring's property because the property is under a Wisconsin managed-forest program, all access could be extinguished, when and if Schubring decides to remove the property from the program. Further, the circuit court noted that this is very remote, wild land and that to limit access to foot traffic would involve the McCormicks traversing Schubring's property for more than a quarter of a mile over very rough terrain. The court also concluded that vehicular access to property is more important than in the past, and that the easement of necessity should include vehicular access. The court

for a prescriptive easement cannot be established. *Ludke v. Egan,* 87 Wis. 2d 221, 231–32, 274 N.W.2d 641 (1979).

[6] We also note that if Schubring had known of the easement prior to his purchase or its use was so open, obvious and notorious that he must have known of it, those facts would have favored the McCormicks' request. *See Ludke,* 87 Wis. 2d at 228.

found the burden to Schubring's property is minimal, as the road is already in existence and has been used by vehicles in the past. It also found that continued use of the road would not prevent the construction of a building on Schubring's property at some time in the future. Accordingly, because the McCormicks proved the elements preliminarily required for an easement of necessity and the circuit court weighed the burdens and benefits to each party's property from the proposed easement, we cannot conclude that it erroneously exercised its discretion in granting the easement. *See City of Brookfield,* 171 Wis. 2d at 423.

### III. CONCLUSION

¶ 22. We conclude that an easement of necessity generally does not arise as a matter of law, but rather, through the exercise of a circuit court's discretion. We also conclude that one who stands in the shoes of a grantor who formerly had access to a public highway but after the severance of a portion of his land retained a landlocked parcel, may obtain an easement of necessity. And finally, the circuit court did not erroneously exercise its discretion in granting the McCormicks the easement. Accordingly, we affirm the judgment.

*By the Court.*—The judgment of the circuit court is affirmed.

¶ 23. JON P. WILCOX, J., did not participate.