In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-2269

EDWARD E. RONKOWSKI, JR. and JOANN RONKOWSKI,

*Plaintiffs-Appellants*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cv-226 — **Barbara B. Crabb**, *Judge*.

ARGUED DECEMBER 5, 2018 — DECIDED DECEMBER 28, 2018

Before FLAUM, ROVNER, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Edward and JoAnn Ronkowski
own 120 acres of undeveloped land in Bayfield County,
Wisconsin. Since the Ronkowskis acquired the property in
1972, they have accessed it via an unpaved road that crosses
over neighboring land, including land owned by the United
States Forest Service. The Ronkowskis brought suit against
the United States under the Quiet Title Act seeking
recognition of an easement to access their property by way

of the unpaved road. The district court held that the Ronkowskis had not established entitlement to an easement. We affirm.

**I**

The only public road that reaches the Ronkowski property is a forest service road known as FR822A. This unpaved road connects the Ronkowski property to another public road, Oswald Road. The easement the Ronkowskis seek allows a more direct route to their property. It connects their property to a different public road, Blue Moon Road, and shortens the trip to the Ronkowski property by about two miles. The proposed easement is comprised of three segments: a segment of FR822A that connects to the Ronkowski property; a middle segment that crosses over United States Forest Service land; and a segment that passes over the land of a private landowner, Eric Allen, and reaches Blue Moon Road.

The Ronkowskis have reached their property by driving this route since 1972. And Edward Ronkowski has performed necessary routine maintenance on the proposed easement so that it continues to remain accessible for motor vehicles. This has included removing downed trees, filling ruts and potholes, cutting saplings and brush along the side of the roadway, and even bulldozing the length of the roadway to assist with logging operations taking place on the Ronkowskis' property. The United States, on the other hand, has not devoted resources to maintaining FR822A or the segment of the proposed easement that crosses over its property.

In 2008 Edward Ronkowski submitted an application seeking the Forest Service's acknowledgment of the easement. In 2016, after some back and forth between the parties, the Forest Service informed Ronkowski that he had not substantiated his claim for an easement by necessity or an easement by implication, and accordingly, any continued use of the easement would violate federal law. In denying the requested easement, however, the Forest Service stated that it would consider granting a special use permit for the Ronkowskis to continue to use the portion of the road crossing over the Forest Service's land. The Ronkowskis never applied for the permit. Instead, they filed this lawsuit, seeking recognition of their entitlement to an easement for vehicular access to their property.

The district court granted summary judgment in favor of the United States, holding that the Ronkowskis were not entitled to an easement. It concluded that the Ronkowskis had not made the required showing for an easement by necessity or an easement by implication because the existing forest service road, FR822A, provided them an alternate route by which to reach their property. The court therefore determined that the Ronkowskis could not demonstrate that the easement was necessary for them to access their property. In so concluding, the court emphasized that even if traveling by way of FR822A would be "inconvenient, difficult or require a high clearance vehicle, plaintiffs have submitted no evidence that it is impossible."

On appeal, the Ronkowskis renew their contention that they are entitled to both an easement by necessity and an easement by implication.

**II**

We first address the scope of the easement the Ronkowskis seek. They assert that they are entitled to recognition of an easement not only with respect to the portion of the proposed easement that passes over the land of the United States but also with respect to the segment of FR822A leading to their property as well as the segment crossing over Eric Allen's property. They argue that this court should address their entitlement to all three segments of the proposed easement. We disagree and decline the invitation.

The first segment of the proposed easement—the portion of FR822A leading to the Ronkowski property—is a public road. We know of no authority indicating that a party needs an easement to access a public road. The third segment—the portion of the road crossing over Allen's property—is owned by an individual who is not a party to the case and, in any event, who has already granted the Ronkowskis an easement over his property. Allen would be a necessary party to any claim for an easement burdening his property. See *Richards v. Land Star Grp., Inc.*, 593 N.W.2d 103, 112 (Wis. Ct. App. 1999). So we address only the portion of the proposed easement crossing over the land of the United States.

An easement is an interest that encumbers the land of another. See *AKG Real Estate, LLC v. Kosterman,* 717 N.W.2d 835, 838 (Wis. 2006). Under Wisconsin law, an easement by necessity arises "where an owner severs a landlocked portion of his [or her] property by conveying such parcel to another." *Schwab v. Timmons*, 589 N.W.2d 1, 7 (Wis. 1999). A property owner seeking an easement by necessity must demonstrate the following: first, there was common

ownership of the servient and dominant estates at the time of the severance that created the landlocked condition, and second, the landlocked parcel had no access to a public roadway after it was severed and the lack of access continues. See *McCormick v. Schubring*, 672 N.W.2d 63, 66–67 (Wis. 2003).

An easement by implication, while similar, is legally distinct from an easement by necessity. See *Schwab*, 589 N.W.2d at 6. An easement by implication arises when there has been a separation of land from a larger parcel and a use before separation took place which continued "so long and was so obvious or manifest as to show that it was meant to be permanent." *Id.* Further, the easement by implication must be necessary to the beneficial enjoyment of the land and the need for the easement "so clear and absolute that without the easement the grantee cannot enjoy the use of the property granted to him for the purpose to which similar property is customarily devoted." *Id.*

Although easements by necessity and by implication are distinct, the same facts defeat the Ronkowskis' entitlement to an easement under either approach. The Ronkowskis have an ability to reach and enjoy the property by traveling by FR822A, the existing forest service road. They are thus unable to demonstrate, as required for an easement by necessity, that they "cannot access a public roadway" from their property. *Id.* at 7. For the same reason, the Ronkowskis cannot show, as required for an easement by implication, that the need for the easement is "so clear and absolute" that, without it, they would be unable to enjoy the use of their property. *Id.* at 6.

In the district court, the Forest Service submitted video evidence of a forest ranger traveling the length of FR822A from Oswald Road to reach the Ronkowski property. The video demonstrates that FR822A is passable, even if not an ideal route. For their part, the Ronkowskis point to evidence demonstrating that FR822A becomes difficult to traverse following rain, sometimes necessitating the use of a high-clearance or four-wheel drive vehicle. They further point to evidence showing that FR822A is narrow, has deep ruts, and is overgrown in places with vegetation that hits the windshields and the sides of vehicles using the road. They also rightly observe that the video of the forest ranger shows him traveling on FR822A on a clear day when the roads were dry and in a high-clearance vehicle. These observations only go so far, though, for an easement—whether by necessity or by implication—does not arise merely because it is the best or most convenient way of reaching the property. In light of the evidence brought forward by the Forest Service, the Ronkowskis have not shown an inability to traverse FR822A.

Wisconsin law is clear that the Ronkowskis bear this exact burden. For an easement by necessity, a property owner "is not landlocked when he or she has difficulty getting from his or her land to a public road as long as he or she can get from his or her land to a public road." *Schwab*, 589 N.W.2d at 8. In *Schwab*, the Wisconsin Supreme Court noted that the parcel at issue was surrounded by water on one side and a bluff on the other but nonetheless declined to find an easement by necessity. See *id.* at 7. The court explained and emphasized that "it may be more convenient for the petitioners to seek an extension of the private road to their parcels rather than travel across the property above the bluff and nav-

igate the bluff, but that in itself does not create the right to an easement by necessity." *Id.* at 8. So, too, here. Some difficulty in traversing FR822A does not mean that the Ronkowskis have demonstrated the need for an easement by necessity.

And this same fact prevents the Ronkowskis from establishing their entitlement to an easement by implication, which imposes an even higher burden on the Ronkowskis: a "clear and absolute" necessity must exist for the easement to arise. *Id.* at 6. The existence of a passable, alternative route allowing them to enjoy their property forecloses the ability of the Ronkowskis to satisfy the necessity element of an easement by implication.

Because the Ronkowskis have not demonstrated the easement is necessary—a required showing both for an easement by necessity and an easement by implication—we need not address the remaining elements of either type of easement.

We owe a final observation in response to the Forest Service's assertion that the Ronkowskis could apply for a special use permit to traverse their preferred route. The record shows—and the Forest Service's counsel confirmed at oral argument—that such a permit would likely be available to the Ronkowskis at a reasonable sum. The Ronkowskis have never attempted to apply for the permit and do not argue that their application would be met by an unfair process or undue administrative burden. We recognize that a revocable permit is not the same as a permanent right of way. But as a practical matter, we find it significant that the route the Ronkowskis prefer is likely available to them if they simply apply for a permit. See *House v. Pasko*, 789 N.W.2d 754 (Wis. Ct. App. 2010) (noting that "the clear and

absolute necessity for an easement by implication does not exist where an alternative means to enjoy the land may be acquired for a reasonable sum").

For these reasons, we AFFIRM.