COURT OF APPEALS
DECISION
DATED AND FILED

June 22, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1074**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV143

IN COURT OF APPEALS
DISTRICT III

FAWD, LLC,

   PLAINTIFF-APPELLANT,

V.

BERNADETTE R. FISHER TRUST, STEVEN J. LINS AND
LORI A. LINS,

   DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Sawyer County: JOHN M. YACKEL, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 SEIDL, J. FAWD, LLC, appeals the circuit court's dismissal of its claims for entitlement to an easement. Specifically, FAWD claims that the court erred by determining that it was not was entitled to an easement of necessity or an easement by implication (or both) in order to provide driveway access and utility

service to its landlocked property over adjoining property owned by Steven and Lori Lins (the Linses), and then across the Bernadette R. Fisher Trust (the Fisher Trust) property that adjoined the Linses' property.

¶2      The circuit court dismissed FAWD's claims upon the Linses' motion for summary judgment.  The court concluded that the severance of FAWD's property from Government Lot six in 1944 did not create the landlocked condition as to Government Lot five, as the entirety of Government Lot six had already been severed from the entirety of Government Lot five in 1932.  Under such circumstances, FAWD failed to meet one of the elements for an easement of necessity—common ownership of the proposed servient and dominant estates at the time of the severance that created the landlocked condition.  Additionally, the court determined that FAWD had not shown any evidence of a prior use of a pathway which continued so long and was so obvious or manifest as to show it was meant to be permanent, thus defeating its claim for an easement by implication.  We agree with the court's conclusions and affirm.[1]

---

[1] The Linses also argue that FAWD's claims are time-barred by the statute of limitations contained in WIS. STAT. § 893.33(2) (2019-20).  Under the statute,

> no action affecting the … title of any real estate may be … commenced … that is founded upon any … event occurring more than 30 years prior to the date of commencement of the action … unless … within 30 years after the date of the … event … some instrument expressly referring to the existence of the claim … is recorded.

*Id.*  In addition, the Linses argue that FAWD's property is not landlocked.  Because we conclude the circuit court properly decided the merits of the easement issues in favor of the Linses, we need not address these additional arguments.  *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

(continued)

## BACKGROUND

¶3      In May 1932, Sawyer County conveyed real property designated as Government Lots five and six to American Immigration Company (AIC). The west one-half of that land had been designated as Government Lot five and the east one-half had been designated as Government Lot six.

¶4      In June 1932, AIC conveyed Government Lot six to Emil Bachman, Fred Bachman, and Joseph Stepanek. Between 1941 and 1944, three smaller lots in Government Lot six that partially bordered McLaren Lake were conveyed to other parties. One of those conveyances was to Joseph Hrusa on October 28, 1944. In April 2005, FAWD purchased a parcel located in Government Lot six partially bordering on McLaren Lake from Hrusa's successor in title.

¶5      In October 2009, Jack and Brenda Schigur (the then-owners of the north half of Government Lot five) conveyed to the Linses the north thirty-six feet of Government Lot five. The Linses' property is adjacent to and abuts the Fisher Trust Property to the east. The parties have not located any instrument that has ever conveyed a formal written easement granting the FAWD property access to a road or highway. The parties and record are unclear from whom the Fisher Trust acquired its property interest in Government Lots five or six. Nevertheless, the record shows that the Fisher Trust owned two parcels initially at issue, both situated in Government Lots five and six: Parcel No. 028-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 and Parcel No. 028-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. Parcel No. 028-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 is situated on the southeast

---

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

side of Government Lot five and Parcel No. 028-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 is adjacent to Parcel No. 028-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 situated on Government Lot six.

¶6     The map below located in the record and provided by FAWD outlines the locations of the parcels at issue.  The record shows that FAWD owns "Parcel A," Fisher Trust owns "Parcel B," and the Linses own "Parcel C."  For ease of reference FAWD also identified Government Lots five and six as identified in the record.



¶7     On November 13, 2018, FAWD sued the Fisher Trust and the Linses, alleging that FAWD was entitled to an easement providing access to a

public road across the Linses' and the Fischer Trust's properties because FAWD's property was landlocked. That road crosses a portion of the original Government Lot 5 on its northwest corner. Fisher Trust filed a motion for summary judgment, alleging that WIS. STAT. § 82.27 (addressing landlocked property and property with insufficient highway access) provided FAWD's exclusive remedy. The Linses also moved for summary judgment, claiming, among other things, that FAWD's easement claims failed on the merits. After the lawsuit was commenced, the Fisher Trust conveyed all of its interest in the subject lands to the Linses, such that the circuit court addressed only the Linses' summary judgment motion.

¶8      The circuit court granted summary judgment in favor of the Linses. As relevant here, the court agreed with the Linses that, as a general matter, FAWD could not obtain an easement of necessity because the undisputed facts showed that FAWD could not establish the first element required for an easement of necessity—common ownership of the proposed servient and dominant estates at the time of the severance that created the landlocked condition. *See McCormick v. Schubring*, 2003 WI 149, ¶11, 267 Wis. 2d 141, 672 N.W.2d 63. The court determined the undisputed facts showed that the landlocked condition with respect to the public road arose in 1932 "with the conveyance [by AIC] of [Government] Lot [six] without the reservation of legal access over [Government] Lot [five]." The court concluded that the landlocked condition could not therefore have been created in 1944 when FAWD's lot was created because the landlocked condition already existed at that time. The court further concluded that FAWD was not entitled to an easement by implication because it could not prove a required element of that claim—"a prior use of a way which continued so long and was so obvious or manifest as to show that it was meant to be permanent." *See Schwab v.*

*Timmons*, 224 Wis. 2d 27, 36, 589 N.W.2d 1 (1999) (citation omitted). FAWD now appeals.

## DISCUSSION

¶9 We independently review a grant of summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). The interpretation and application of a statute are questions of law that we also review independently. *See McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273.

*I. Easement of Necessity*

¶10 FAWD argues the circuit court erred in concluding that it could not prove the first element of an easement of necessity. To establish an easement of necessity, the party seeking the easement has the burden to prove two elements: "(1) common ownership of the proposed servient and dominant estates at the time of the severance that created the landlocked condition; and (2) the landlocked parcel had no access to a public roadway after it was severed and such lack of access continues." *McCormick*, 267 Wis. 2d 141, ¶11.

¶11 As FAWD argues, the issue regarding an easement by necessity comes down to timing—when did an easement by necessity arise? In other words, when did the severance occur that created the landlocked condition of FAWD's property relative to the public road and was there a common ownership of the

proposed servient estate (the Linses' property) and dominant estate (FAWD's property) at that time? FAWD contends that the easement "across [Government] Lot [five] arose in favor of [Government] Lot [six] in 1932" when Government Lot six was sold. As AIC owned both parcels prior to the sale and no specific easement was granted to the new owner of Government Lot six as part of the 1932 conveyance, FAWD contends the necessity for the easement to the public road arose at that time.

¶12    FAWD further argues that the easement of necessity the owner of Government Lot six had over Government Lot five was not destroyed by the later subdivision of Government Lot six because that subdivision did not materially change the use of the easement. According to FAWD, its property was still landlocked relative to the public road when the subdivision occurred, and there was no access to any public road unless an easement was available across Government Lot five. Further, to the extent that FAWD had to travel across property in Government Lot six owned by the Fisher Trust to get to Government Lot five (and then to the public road), FAWD contends a separate easement of necessity was created in 1944 in its favor because the "[*McCormick*] test does not require that crossing the servient parcel results in direct access to a road."

¶13    FAWD is incorrect that the severance of Government Lot six in 1944 created the relevant landlocked condition for an easement of necessity across the Fisher Trust property. In 1932, there was common ownership of Government Lot six and the subdivided lot within it later purchased by FAWD. As the circuit court correctly noted, however, the severance of FAWD's property from Government Lot six in 1944 by a common owner did not create the landlocked condition of FAWD's property in relation to the public road on the northwest corner of Government Lot five. Rather, that landlocked condition already existed

7

as to the entirety of Government Lot six because the claimed landlocked condition arose in 1932 with AIC's conveyance of Government Lot six.

¶14    Therefore, despite the common ownership of the relevant dominant and servient estates at time of the subdivision of FAWD's lot, no easement of necessity was created across the Fisher Trust property.  The circuit court properly granted Linses' summary judgment motion dismissing this claim to establish an easement of necessity over either the Linses' or the Fischer Trust's properties.

## II.  Easement by Implication

¶15    FAWD next argues that it is entitled to an easement by implication. An easement by implication arises when "[1] there has been a separation of title, [2] a use before separation took place which continued so long and was so obvious or manifest as to show that it was meant to be permanent, and [3] it must appear that the easement is necessary to the beneficial enjoyment of the land granted or retained."  *Schwab*, 224 Wis. 2d at 36 (citation omitted).  FAWD argues the circuit court erred in finding that it failed to present any evidence from which a reasonable fact finder could determine that the second element had been met. FAWD contends that an affidavit submitted by FAWD's sole member, Robert Stafsholt, claimed that the prior owners of the FAWD parcel had crossed the Linses' and the Fisher Trust's parcels since the subdivision of the three smaller parcels from the one larger unified parcel, and they did so in order to gain access to what became the FAWD property.  FAWD claims that this unrebutted averment was sufficient to defeat the Linses' motion for summary judgment.

¶16    The circuit court correctly concluded that Stafsholt's affidavit was insufficient to establish the second element necessary for an easement by implication.  Affidavits in support of, or in opposition to, a motion for summary

judgment "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence." WIS. STAT. § 802.03(3). Stafsholt's affidavit was not made with personal knowledge as to the 1932 subdivision, which FAWD suggests is when the easement arose. That subdivision event occurred eighty-eight years ago. The 1944 subdivision occurred twelve years after that.

¶17    Thus, Stafsholt's affidavit failed to establish his personal knowledge of any use of the proposed easement during that twelve-year period. There was no basis shown for Stafsholt having any personal knowledge of those acts or the route taken across the various properties. His affidavit lacked any specific facts showing any use of an access road, driveway or other route prior to 1944. Without those specific facts and a foundation for Stafsholt's assertion, the circuit court properly determined that the undisputed facts did not show that any easement by implication was created. Summary judgment in favor of the Linses was therefore properly granted.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.